[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT RE: LIABILITY FOR AUTOMOBILE ACCIDENT
CT Page 10532
This action is being brought by Arnold A. Agnoli who is seeking damages arising from an automobile accident involving himself and the defendant, Anthony Dirienzo. Plaintiff Agnoli claims that he has sustained personal injuries and monetary loss as a result of the accident. The plaintiff has filed a complaint alleging the accident is the result of defendant Dirienzo's negligence.
The plaintiff's complaint states that on February 9, 1991, Mr. Agnoli was operating an automobile in an easterly direction on Route 1, in the town of Orange, Connecticut and that defendant Dirienzo was operating an automobile in a westerly direction on Route 1 at the same time and place. As both motor vehicles approached the intersection of Orange Center Road, Agnoli contends that Dirienzo, "suddenly and the moving party for summary judgment is held to a strict standard: he "must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Plouffe v. New York, N.H. H.R. Co., 160 Conn. 482, 488, 280 A.2d 359, (1971). In determining whether there is a material issue of fact, the evidence is considered in the light most favorable to the non-moving party. Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005, (1984). Summary judgment usually is inappropriate in a negligence action where the ultimate issue in contention involves mixed questions of fact and law and requires the trier of fact to determine whether the standard of care was met in a specific situation. Fogarty v. Rashaw, 193 Conn. 442, 446,476 A.2d 582, (1984), Spencer v. Good Earth Restaurant Corporation,164 Conn. 194, 198, 319 A.2d 403, (1972).
The plaintiff's memorandum in support of this motion for summary judgment relies on evidence that the defendant turned his vehicle into the path of Mr. Agnoli's vehicle and that the defendant failed to give Mr. Agnoli the right of way as required by Conn. Gen. Stat. 14-245 (1990). A copy of the accident report indicates that the defendant was cited by the arresting officer for failure to give the plaintiff the right of way. Agnoli also provides a portion of a deposition given by Dirienzo which states that the defendant was not overcome by any sudden or extraneous event which cause him to operate his vehicle in the manner which CT Page 10533 caused the accident. Therefore, the possibility that the inferred negligence of the driver was the result of a sudden emergency, sudden illness or sudden mechanical failure can be excluded. Toomey v. Danaher, 161 Conn. 204, 286 A.2d 293
(1971). The plaintiff contends that since the defendant failed to give the plaintiff the proper right of way and the defendant admits turning into the path of the plaintiff's vehicle without any excuse of a sudden emergency, that the defendant is liable for causing the accident. Agnoli alleges there is no genuine issue of material fact claiming the defendant is entirely at fault.
However the plaintiff's memorandum addresses only the issue of defendant Dirienzo's negligence. The memorandum contains no facts to refute the defendant's claims in their special defense that the plaintiff failed to maintain a proper lookout; that the plaintiff failed to apply the brakes or turn his vehicle to avoid the collision; that the plaintiff failed to grant the right of way; and that the plaintiff failed to operate his automobile at or under the posted speed limit.
The memorandum "did not even purport to show the nonexistence of all the issues of fact raised by the pleadings relating to common law negligence. . ." Plouffe, supra at 488. Since these factual issues, contested in the pleadings and not even referred to in the plaintiff's memorandum, remain unresolved, this court would clearly be in error in granting the motion for summary judgment. Fogerty, supra at 446.
Accordingly, the motion for summary judgment is denied.
CLARANCE J. JONES, JUDGE