[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
 ISSUE
Whether the defendants' motion for summary judgment against the plaintiffs' complaint should be denied.
FACTS
By amended complaint, filed December 28, 1993, the plaintiffs, Charles J. Gattoni, and John A. Zaccaro, DBA North Stonington Associates,[1] brought an action against the defendants, Marcia B. White and Richard E. White, seeking specific performance of an agreement to convey real property. The following facts are alleged.
Pursuant to a written agreement, dated April 10, 1992, the plaintiffs agreed to buy and the defendants agreed to sell a parcel of land situated in North Stonington, Connecticut. The agreement provided that the sale and conveyance of title of the parcel would be completed on or before September 1, 1992. The defendants notified the plaintiffs of their intention to repudiate the agreement and to demand more money in connection with tax liens and appreciation in value of the property. Although the plaintiffs advised defendants' counsel of their willingness to perform on the agreement and of their demand for conveyance, defendants have not conveyed the property and refuse to do so.
The plaintiffs seek the following: specific performance on the agreement, a decree vesting the plaintiffs with title CT Page 6815 to the property, an injunction prohibiting the defendants from conveying or transferring their interest in the property, and damages.
On January 4, 1994, the defendants filed an answer, two special defenses, and a counterclaim. The defendants allege that the plaintiff's action is barred because of General Statutes § 47-33a(b) and 52-550.
In their counterclaim, the defendants allege that the lis pendens filed by the plaintiffs', certified on September 20, 1993, is a slander of title and interferes with the marketability thereof. The defendants claim damages, interest, costs, a discharge of the Lis Pendens, and any other available relief.
On March 21, 1994, the plaintiffs filed a reply to the defendants' special defenses and an answer to the defendants' counterclaim.
On March 28, 1994, the defendants filed a motion for summary judgment and a memorandum of law in support thereof. The defendants argue that it is the fault of the plaintiffs that the closing on the property could not take place on the agreed date. The defendants further contend that the plaintiffs' claim is barred by General Statutes § 47-33a and52-550 as a matter of law.
On May 31, 1994, the plaintiffs filed a memorandum of law in opposition to the defendants' motion for summary judgment. The plaintiffs contend that there are genuine issues of material fact. The plaintiffs further contend that neither General Statutes § 47-33a nor § 52-550 bar their claim. support thereof, plaintiff Charles J. Gattoni submits his affidavit, dated May 23, 1994.
DISCUSSION
"Summary judgment procedure is designed to dispose of actions in which there is no genuine issue as to any material fact." (Citation omitted.) Dougherty v. Graham, 161 Conn. 248,250, 287 A.2d 382 (1971). "Practice Book § 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the CT Page 6816 moving party is entitled to judgment as a matter of law.'" (Citations omitted.) Johnson v. Meehan, 225 Conn. 528, 534-35,626 A.2d 244 (1993). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citations omitted.)Connecticut Bank Trust Co. v. Carriage Lane Associates,219 Conn. 772, 781, 595 A.2d 334 (1991).
The "party seeking summary judgment has the burden of showing the nonexistence of any material fact. . . ." (Citation omitted.) Id. "The courts hold the movant to a strict standard." D.H.R. Construction Co. v. Donnelly,180 Conn. 430, 434, 429 A.2d 908 (1980). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Citation omitted.) State v. Goggin, 208 Conn. 606,616, 546 A.2d 250 (1988).
"[A] party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citations omitted.) Connell v.Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990). "It is not enough that one opposing a motion for summary judgment claims there is a genuine issue of material fact; some evidence' showing the existence of such an issue must be presented in the counter affidavit." Plouffe v. New York, N.H. H.R. Co.,160 Conn. 482, 490, 280 A.2d 359 (1971).
"A motion for summary judgment shall be supported by such documents as may be appropriate including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book § 380. Yet the "failure to file documentation supporting the motion, though it may impact upon its effectiveness, does not render it per se defective . . . . " Barone v. Schuster Express,Inc., 2 CSCR 315 (February 4, 1987, Schaller, J.).
The plaintiffs, by way of affidavit, state that they "were at all times and still are ready, willing and able to perform the agreement on their part according to its tenor. . . ." The defendants argue that the plaintiffs' fault was the reason that performance on the agreement could not take place. Because the defendants have not offered any evidence to support their contention, the moving party has failed to meet CT Page 6817 its burden of showing the nonexistence of any material issue of fact.
Viewing the evidence in the light most favorable to the nonmoving party, the pleadings and affidavit show that there exists a genuine issue of a material fact. Therefore, the defendants' motion for summary judgment against the plaintiffs' complaint is hereby denied.
Hurley, J.