[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
The plaintiff, Resources Pension Shares 5, Limited Partnership (Resources Pension), instituted this one count complaint against four defendants, the Town of Groton Office of the Tax Assessor, the Town of Groton Office of the Town Clerk, the Town of Groton Board of Tax Review, and Richard D. Haviland in his official capacity as Chairman of the Board of Tax Review (collectively as Groton).
The plaintiff alleges that the five properties were assessed by Groton at $4,863,250 on the October 1, 1993 Grand List. This assessment represents 70% of the full 100% value. Resources Pension alleges that this 70% assessment, representing a current market value of $6,947,500, is "grossly excessive, disproportionate and unlawful." The plaintiff seeks to have Groton reduce the assessment to 70% of the CT Page 2667 property's current market value.
Currently before the court is the defendants' Motion for Summary Judgment. Groton argues that it is entitled to summary judgment because General Statutes § 12-62 requires decennial valuations and the courts interpret this to mean no interim assessments, except under limited circumstances not applicable in this case. The plaintiff argues that because it is alleging "grossly excessive, disproportionate and unlawful" assessments, it is entitled to a revaluation.
"Summary judgment procedure is an attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full-dress trial." Plouffe v. New York, N.H. H.R. Co., 160 Conn. 482,487, 280 A.2d 359 (1971). "A trial court may appropriately render summary judgment when the documents submitted demonstrate that there is no genuine issue of material fact remaining between the parties and that the moving party is entitled to judgment as a matter of law."Burns v. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257
(1984).
"Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. Bartha v. Waterbury House WreckingCo., 190 Conn. 8, 11, 459 A.2d 115 (1983). . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § 380. . . . The movant has the burden of showing the non-existence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of fact does exist. . . ." (Citations omitted; internal quotation marks omitted.) Burns v. Hartford Hospital, supra,192 Conn. 455. "Since an evidentiary showing is indispensable, general averments will not suffice to show a triable issue of fact. Moreover, mere conclusions are insufficient as is evidence which would be inadmissible upon the trial, such as hearsay. Indeed, the whole summary judgment procedure would be defeated if, without any showing of evidence, a case could be forced to trial by a mere assertion that an issue exists." CT Page 2668Farrell v. Farrell, 182 Conn. 34, 39, 438 A.2d 415 (1980).
These facts are not in dispute. The defendant town conducted its most recent decennial valuation of real property in 1992. The result of this valuation, as it affected the plaintiff's Groton property, is as follows:
ADDRESS VALUE ASSESSMENT
646 Long Hill Road $2,998,400 $2,098,880 652 Long Hill Road 215,400 150,780 688-698 Long Hill Road 1,829,300 1,280,510 714 Long Hill Road 1,462,100 1,023,470 720 Long Hill Road 442,300 309,610 --------------------- $6,947,500 $4,863,250 =====================
On October 1, 1992, when Groton conducted the above valuation and assessment, the property was owned by Groton Shopping Associates. Groton used the 1992 figures to determine the assessment on October 1, 1993 and Groton Shopping Associates did not appeal. See Pauker v. Roig,232 Conn. 335, ___ A.2d ___ (1995). The plaintiff became the owner of the above listed properties on December 9, 1993 and appeared before the defendant on March 3, 1994 to appeal the assessment of October 1, 1993. Groton denied the appeal and the plaintiff appealed to this court.
The case of Ralston Purina Co. v. Board of Tax Review;203 Conn. 425, 525 A.2d 91 (1987); is authoritative. The dispositive issue decided in Ralston Purina was "whether a municipality is required under General Statutes § 12-62 to adjust property tax assessments during interim years between decennial revaluations of real property to account for fluctuations in property values resulting solely from changes in market conditions." Id, 426. In deciding this issue in the negative, the court in Ralston Purina relied on its previous Uniroyal decision. "In Connecticut, the remedy for variations in the effect of market conditions on different parcels is set forth in General Statutes § 12-62. The remedy of revaluation was established by the legislature and it was the judgment of the legislature that the remedy need only be available once each decade. . . . As a practical matter, assessors cannot be expected to revalue every year, even CT Page 2669 though changes which affect property values may occur within a given year." Uniroyal, Inc. v. Board of Tax Review,182 Conn. 619, 629, 438 A.2d 782 (1981).
The plaintiff, in its memorandum in opposition to summary judgment, offered no evidence, affidavits or other supporting documentation substantiating its claim that Groton's assessment and valuation is "grossly excessive, disproportionate and unlawful." Nor has the plaintiff argued that the property in question has changed in any way since its original valuation and assessment in October 1992.
As a matter of law, the plaintiff is not entitled to an interim revaluation and reassessment based on the current market value of the property. Therefore, the court hereby denies the defendants' motion for summary judgment.
Hurley, J.