EXECUTIVE RENTAL & LEASING, INC. *v.* GERSHUNY, McGETTIGAN, CAMERON AGENCY, INC., ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 889

Argued March 25—decided August 8, 1980

*Dennis P. McDonough,* for the appellants (defendants).

*Robert E. Quish,* for the appellee (plaintiff).

BIELUCH, J.  The plaintiff brought this action claiming that the defendants breached an automobile leasing agreement by failing to pay rental charges, repair bills and other costs.  After the pleadings were closed, the plaintiff moved for summary judgment.  No accompanying memorandum of law was served upon the defendants with this motion and they objected to a hearing upon the motion.  The court, however, granted summary judgment for the plaintiff.  After a hearing, the court rendered judgment for damages and the defendants appealed.

The only issue raised by the defendants on appeal is whether the court erred in granting the plaintiff's motion for summary judgment where the plaintiff failed to serve upon the defendants an accompanying supporting memorandum of law in accordance with Practice Book, 1978, § 204.  This rule of practice provides that "[a] memorandum of law briefly outlining the claims of law and authority pertinent thereto shall be filed and served by the movant with . . . (e) motions for summary judgment."  The use of the word "shall," rather than "may," in the phrase "shall be filed and served" indicates that this provision is mandatory, rather than permissive.  *Blake* v. *Meyer,* 145 Conn. 612, 616, 145 A.2d 584 (1958).  The requirement of simultaneously filing and serving a supporting memorandum of law with the motion, therefore, is not merely directory, but must be followed where a seasonable objection to the failure of the movant to comply

with the rule is raised by the opposing party. The trial court cannot waive this requirement over objection of the opposing party because the memorandum of law is directed to the opposing party as well as to the court.

The reason for the requirement that a memorandum of law be served upon the opposing party with a motion for summary judgment becomes evident upon examining the prerequisites for granting summary judgment. Such a judgment shall be rendered where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Practice Book, 1978, § 384. Two conditions must be met by the moving party in order to obtain summary judgment. The movant must first establish that there is no genuine issue of material fact by furnishing supporting documentation such as affidavits, transcripts, written admissions and the like. The opposing party then has the opportunity to rebut the supporting facts by countering with documentary evidence establishing that a genuine issue of material fact does exist. Practice Book, 1978, § 380; *Plouffe* v. *New York, N.H. & H. R. Co.*, 160 Conn. 482, 489–90, 280 A.2d 359 (1971).

If the movant succeeds in establishing that there is no genuine issue of material fact, he must then establish that he is entitled to judgment as a matter of law. Just as the requirement of furnishing documentation gives the opposing party the opportunity to establish that an issue of fact exists, the requirement of serving a memorandum of law gives him an opportunity to rebut the claims of law upon which summary judgment is sought. In dealing with the requirement of supporting documentation, the Supreme Court in *Plouffe* held that it is error to grant summary judgment without giving the opposing party "a reasonable opportunity to inves-

tigate the factual and legal questions raised by the . . . [movant's] affidavits and to submit counter affidavits . . . ." Id., 489. This principle applies as much to the claims of law and pertinent authorities outlined in the supporting memorandum of law as it does to questions of fact presented in the necessary affidavits and documentary evidence. A memorandum of law setting forth the movant's legal claims is essential for the opposing party to evaluate fully and respond legally to these claims of law for the ultimate judgment of the court. Without such a memorandum of law the opposing party is unable effectively to rebut the legal claims upon which the movant bases his motion for summary judgment.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion ARMENTANO and SHEA, Js., concurred.