[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE
The plaintiff, Seymour Ostrager, brought this action against the defendants, Walter and Cynthia Hasiuk, seeking to foreclose upon a mortgage on property located in Hebron. The plaintiff alleges that the defendants are in default upon a $24,000 note secured by the mortgage since July 15, 1986 and that the debt is $23,308.28 plus accrued interest and late fees of approximately $11,000.
On February 15, 1991, the defendants filed an answer, four special defenses and a four count counterclaim. By three separate motions to strike filed February 22, 1991, the plaintiff seeks to strike the answer, special defenses and counterclaim. The plaintiff also filed separate memoranda of law in support of his motions. The defendants filed three memoranda in opposition to the plaintiff's motions to strike; however, the memoranda were not filed at least five (5) days before the motions were to be considered on the short CT Page 4088 calendar, but were filed on the day the motions were heard on short calendar in violation of Conn. Practice Book Sec. 155.
A motion to strike challenges the legal sufficiency of the allegations of any complaint, counterclaim or crossclaim, or of any one or more counts thereof, to state a claim upon which relief can be granted. Conn. Practice Book Sec. 152(1) (rev'd to 1978, as updated October 1, 1990); see Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). A motion to strike is also used to contest the legal sufficiency of any answer or part of an answer, including special defenses. Conn. Practice Book Sec. 152(5).
A motion to strike admits all facts well pleaded. Ferryman v. Groton, 212 Conn. 138, 142 (1989). The motion to strike does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos,196 Conn. at 108.
In ruling upon a motion to strike, the trial court may consider only those grounds raised in the motion. Blancato v. Feldspar, 203 Conn. 34, 44 (1987). The court is limited to the facts alleged in the pleading which is the subject of the motion to strike. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988). The court must view the facts alleged in the pleading in the light most favorable to the pleader. Ferryman, 212 Conn. at 146.
The plaintiff claims that the defendants filed their memoranda of law in opposition to the motions to strike on the day that oral argument was heard, rather than "at least five days before the date of the motion is to be considered on the short calendar" pursuant to Conn. Practice Book Sec. 155. The failure to timely file an opposing memorandum is not necessarily fatal and the court may address the merits of the motion. Oshefski v. Stenner, 2 CTLR 369 (September 27, 1990, Clark, J.); see Southport Manor Convalescent Center, Inc. v. Foley, 20 Conn. App. 223, 226 n. 3 (1990).
A. Motion to Strike Counterclaims (#108)
The plaintiff moves to strike the four counts of the defendants' counterclaim because they do not arise out of the same transaction which is the subject of the complaint in this action as required by Conn. Practice Book Sec. 116. The defendants argue that the counterclaim arises directly from the relationship between the parties which is the subject of the foreclosure complaint; that of mortgagors — mortgagee.
The first count of the counterclaim alleges that the CT Page 4089 plaintiff's failure to provide a payoff statement and statement as to the amount of the arrearage constituted a deliberate, intentional and wilfull interference with the performance of an agreement entered into in October, 1987 between the defendants and a third party for the sale of the property which is the subject of this foreclosure action. The second count of the counterclaim alleges that the commencement of a foreclosure action in March, 1989 on the mortgage which is the subject of this foreclosure action constituted a deliberate, intentional and wilfull interference with the performance of the agreement between the defendant and the third party for the sale of the property. The third count of the counterclaim alleges that the actions of the plaintiff described in the first two counts "constituted abusive, harassing, fraudulent, deceptive or misleading representations, devices or practices to collect or attempt to collect a debt, all of which were prohibited" by Conn. Gen. Stat. Sec. 36-243b. The fourth count alleges that the plaintiff's violation of section 36-243b constituted a violation of the Connecticut Unfair Trade Practices Act (CUTPA), Conn. Gen. Stat. Sec. 42-110b et seq.
The defendants' counterclaim relates to a situation which occurred subsequent to their alleged default on the note which is the subject of this foreclosure action. The defendants' subsequent agreement with a third party and the plaintiff's alleged wrongful conduct with respect to that agreement are unrelated to the alleged default and to this foreclosure action. The counterclaim does not arise out of the transaction which is the subject of the plaintiff's complaint as required by Conn. Practice Book Sec. 116. Accordingly, the plaintiff's motion to strike the counterclaim is granted.
B. Motion to Strike Special Defenses (#110)
The plaintiff moves to strike all four of the defendants' special defenses "for the reason that such special defenses fail to set forth the legal elements of a defense adequate to constitute a defense to Plaintiff's foreclosure complaint." The plaintiff attached a memorandum with the motion, but the memorandum cites no legal authority in support of the motion.
Conn. Practice Book Sec. 155 provides that "[e]ach motion to strike must be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies." See also Conn. Practice Book Sec. 204. The court could deny the motion to strike the special defenses on CT Page 4090 this ground. See Roy v. Borgesano, 3 CSCR 358 (March 21, 1988, Purtill, J.).
However, the defendants have not objected to the plaintiff's failure to cite legal authority in his memorandum. Since the defendants have not objected to the format of the plaintiff's memorandum and instead address the merits of the motion, the court can and will waive the Practice Book requirement and consider the motion on its merits. See Executive Rental and Leasing, Inc. v. Gershuny Agency, Inc., 36 Conn. Sup. 567, 568-69 (App. Sess. 1980).
1. First Special Defense
The defendants' first special defense alleges that the "action to foreclose the mortgage is barred by laches." This special defense does not allege any facts at all to support the defendants' claim. The defendants are pleading a legal conclusion. The motion to strike the first special defense is granted.
2. Second Special Defense
The second special defense alleges that because the plaintiff failed to provide the defendants with written notice of any claimed default, as required by the terms of the note, the plaintiff is barred from accelerating the note and seeking foreclosure. The plaintiff claims that this special defense is inadequate because the promissory note which is the subject of the foreclosure action clearly does not require the written notice described in the special defense.
The mortgage note, attached to the complaint as Exhibit A pursuant to the plaintiff's request to amend filed March 1, 1991, provides that,
 If any payment due hereunder shall not have been paid within thirty (30) days after the same is due, or if any other agreement of the maker herein contained shall be in default and shall not have been fully performed within thirty (30) days after the written notice of default has been mailed to any maker hereof (addressed to the last known place of abode of any maker hereof) or if title to said property is transferred, then the entire unpaid principal, with accrued interest, shall, at the option of the holder hereof, become due and payable forthwith. (Emphasis added). CT Page 4091
Because the note mentions payment or performance within thirty (30) days after the written notice of default has been mailed, the defendants' special defense, read in the light most favorable to the defendants, is legally sufficient. Accordingly, the motion to strike the second special defense is denied.
3. Third Special Defense
The third special defense alleges that the plaintiff is barred from recovering late charges because he failed to provide written notice to the defendants of the imposition of such charges within sixty (60) days of their imposition as required by Conn. Gen. Stat. Sec. 49-6c. The plaintiff contends that the third special defense is inadequate because it fails to allege that the plaintiff is a "creditor" as defined in Conn. Gen. Stat. Sec. 49-6b (2). The plaintiff further asserts that he in fact is not a "creditor" within the statutory definition because the mortgage transaction which is the subject of this action is a purchase money mortgage.
Allegations of the pleadings must apprise the opposing parties of the issues and claims to be made. Bank of Montreal v. Gallo, 3 Conn. App. 268, 276, cert. denied195 Conn. 803 (1985). The allegations of the special defense adequately apprise the plaintiff of the defendants' claim. Since the defendants have asserted that the plaintiff has not complied with Conn. Gen. Stat. Sec. 49-6c, the defendants will have to prove that the provisions of section 49-6c apply to the plaintiff. The plaintiff cites no legal authority for his claim that he is not a creditor because the mortgage was a purchase money mortgage. The motion to strike the third special defense is denied.
4. Fourth Special Defense
The fourth special defense alleges that the plaintiff is not entitled to interest on the note from February 1, 1989 because the plaintiff failed to provide a written payoff statement pursuant to Conn. Gen. Stat. Sec. 49-10a after the defendants requested one in writing on or about January 13, 1989. The plaintiff alleges that the fourth special defense is inadequate because nothing in the language of Conn. Gen. Stat. Sec. 49-10a restricts the right of the holder of a promissory note secured by a mortgage from obtaining a judgment of foreclosure.
The plaintiff cites no legal authority in support of his assertion that the fourth special defense is inadequate. The CT Page 4092 fourth special defense, read in the light most favorable to the defendants, states facts sufficient to apprise the plaintiff of their claim. Even if nothing in the language of section 49-10a restricts the plaintiff's right to obtain judgment of foreclosure, the defendants have a right to challenge the amount of the debt allegedly owed. See Burritt Mutual Savings Bank of New England v. Tucker, 183 Conn. 369,374-75 (1981). The motion to strike the fourth special defense is denied.
C. Motion to Strike Answer (#112)
The plaintiff moves to strike the defendants' answer "for the reason that plaintiff [sic] does not, in good faith, intend to challenge the existence of the mortgage debt, but, rather, only the number of payments which have been made upon such debt, and, accordingly, a general denial of the debt allocation set forth in the complaint is improper." The plaintiff argues that "a proper defense such as to require an evidentiary hearing [on the amount of the debt] must allege the defendants' claims with more specificity."
Allegations of the pleadings must apprise the opposing parties of the issues and claims to be made. Bank of Montreal, 3 Conn. App. at 276. The defendants in this case admit that a note and mortgage existed (Answer, para. 1), but specifically deny the amount of the debt which the plaintiff alleges is owed. (Answer, para. 3). The defendants' specific denial of the amount of the debt, unlike the defendants' "claim of insufficient knowledge" in Connecticut National Bank v. N.E. Owen II, Inc., 22 Conn. App. 468, 473
(1990), is legally sufficient to raise the issue of the amount of the debt and will prevent the plaintiff from using the summary procedure of Conn. Practice Book Sec. 527 in order to prove the amount of debt. See Connecticut National Bank, 22 Conn. App. at 474-475. The plaintiff's motion to strike the answer is denied.
HON. PHILIP DUNN SUPERIOR COURT JUDGE