[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: THIRD-PARTY DEFENDANT ALLEN CANNING COMPANY'S MOTION TO DISMISS THIRD-PARTY COMPLAINT (#114)
 I. FACTUAL AND PROCEDURAL HISTORY
The plaintiff, Gregory Adgers (Adgers), brought this action under the Product Liability Act, General Statutes §§ 52-572m
through 52-572q, against the defendants, Hines Sudden Service d/b/a Kentucky Fried Chicken (KFC) and Sysco Food Service of Connecticut (Sysco), for selling and distributing a defective product, after Adgers allegedly "bit into a foreign body/object contained within the baked bean product" that he purchased from KFC. (Amended Complaint, ¶ 5.) As a result, Adgers alleges that he fractured his tooth, suffered "an immediate and severe shock to his nervous system," "has been caused to spend significant sums for dental care and treatment and will likely in the future be required to spend significant sums for these purposes," and "has sustained a diminution in his ability to participate in activities of daily living to there [sic] fullest extent . . ." (Amended Complaint, ¶¶ 8-11.)
KFC filed a third-party complaint dated January 2, 1999, against the third party defendant, Allen Canning Company (Allen Canning), alleging that it, as manufacturer, distributor and CT Page 12711 seller of baked beans under the Product Liability Act, General Statutes § 52-572m et seq., is liable to Adgers because "the baked beans were packaged or canned by [Allen Canning] with a foreign object in the baked beans, namely a stone . . ., which rendered the product unsafe for human consumption." (Third-Party Complaint, ¶ 5.) The third-party defendant, Allen Canning, moves to dismiss the third-party complaint for lack of subject matter jurisdiction, maintaining that KFC failed to comply with the procedural requirements of General Statutes § 52-102a, which governs the impleading of a third-party defendant. The court agrees with Allen Canning for the reasons that follow, and grants the motion to dismiss.
 II. STANDARD FOR MOTION TO DISMISS
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." Practice Book §10-31; see also Sadloski v. Manchester, 235 Conn. 637, 645-46
n. 13, 668 A.2d 1314 (1995). "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis omitted; internal quotation marks omitted.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "When a [trial] court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light." Antinerella v. Rioux, 229 Conn. 479, 489,642 A.2d 699 (1994). Moreover, "[a] motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." Malasky v. Metal Products Corp., 44 Conn. App. 446,451-52, 689 A.2d 1145, cert. denied, 241 Conn. 906, 695 A.2d 539
(1997).
 III. DISCUSSION
In support of its motion to dismiss, Allen Canning contends that KFC merely served and filed its third-party complaint and never moved to implead it under General Statutes § 52-102a, which provides that "[a] defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The motion may be filed at any time before trial and permission may be granted by the court if, in its CT Page 12712 discretion, it deems that the granting of the motion will not unduly delay the trial of the action nor work an injustice upon the plaintiff or the party sought to be impleaded." See also Practice Book § 10-11 (formerly § 117). Thus, Allen Canning asserts that "[t]here is no statutory right to implead a third party . . . [and] [w]here a defendant serves a third party complaint without moving for, and receiving, permission to implead from the court, the court lacks subject matter jurisdiction over the third party complaint." (Brief of Third-Party Defendant, pp. 3-4.)
In opposition to the motion to dismiss, KFC argues that § 52-102a does not govern the impleading of third-party defendants in product liability actions. KFC asserts that General Statutes § 52-577a (b) provides an independent statutory procedure to implead a third-party defendant in product liability actions. Section 52-577a (b) provides that "[i]n any such action a product seller may implead any third party who is or may be liable for all or part of the claimant's claim, if such third party defendant is served with the third party complaint within one year from the date of the cause of action brought under subsection (a) of this section is returned to court." Thus, KFC maintains that General Statutes § 52-577a (b) provides authority to implead a third-party defendant without moving for permission under General Statutes § 52-102a.
The court rejects KFC's argument that General Statutes § 52-577a provides an independent procedure for impleading third parties in product liability actions. Under General Statutes §52-102a, a defendant does not have "a statutory right to implead a third party; the statute commits the decision of such motions to the sound discretion of the trial court." Cupina v. Bernklau,17 Conn. App. 159, 164, 551 A.2d 37 (1988). The Connecticut Supreme Court, in Malerba v. Cessna Aircraft Co., 210 Conn. 189,554 A.2d 287 (1989), recognized the applicability of § 52-102a
when impleading a third-party defendant in a product liability action. In that case, the plaintiff brought an action against the defendant aircraft company claiming, inter alia, strict product liability, after the plaintiff sustained personal injuries in an airplane accident. Pursuant to Practice Book § 117 (now § 10-11), the defendant moved and received permission to serve a third-party complaint seeking indemnification and contribution against two additional parties, the aircraft's owner and mechanic. Subsequently, in ruling on respective motions to strike filed by the plaintiff and the third-party defendant owner, the CT Page 12713 trial court ordered the third-party complaint stricken in its entirety, concluding that "actions for a contribution within the context of a product liability claim must meet the provisions of General Statutes § 52-572o (e) as a precondition to the initiation of the contribution action, i.e., the entry of judgment against the joint tortfeasors and actual payment by one of them to the original claimant or an agreement by one of the tortfeasors to pay the claimant which is thereafter fully executed."[1] (Footnote omitted.) Malerba v. Cessna AircraftCo., supra, 210 Conn. 193.
On appeal, the Supreme Court considered the proper construction of § 52-572o (e) in coordination with §§ 52-102a and52-577a (b). While noting that "§ 52-102a is similar in context to . . . § 52-577a (b)," the court identified § 52-102a (a) as the statute "which authorizes the impleading of third parties by a defendant in a civil action" and § 52-577a (b) as the statute "which is the statute of limitations in product liability actions." Id., 194. Relying on the well-established rule of construction that "[i]f the statutes appear to be repugnant, but both can be construed together, both are given effect;"Hirschfeld v. Commission on Claims, 172 Conn. 603, 607,376 A.2d 71 (1977); the court concluded that "[w]e harmonize the apparent inconsistency between the three statutes by concluding that the preconditions of § 52-572o (e) apply only to those circumstances where a party elects to pursue an independent cause of action for a contribution rather than impleading the prospectively liable third party as authorized by §§ 52-102a and 52-577a (b)." (Emphasis added.) Malerba v. Cessna Aircraft Co., supra,210 Conn. 195. Thus, the Supreme Court construed §§ 52-102a (a) and52-577a (b) together as providing the authority and procedure by which to implead third parties in a product liability action. (Emphasis added.) Id.
In the present case, consistent with the Supreme Court's treatment of General Statutes §§ 52-102a and 52-577a (b) inMalerba v. Cessna Aircraft Co., supra, 210 Conn. 195, the court concludes that both statutes must be construed together and given effect. Therefore, a defendant who wishes to assert a claim against a third party in a product liability action must first move for permission to implead under General Statutes § 52-102a.
Additionally, the court finds that KFC failed to file a memorandum of law required under Practice Book § 11-10 for a motion to implead a third-party defendant. Practice Book § 11-10
CT Page 12714 states that "[a] memorandum of law briefly outlining the claims of law and authority pertinent thereto shall be filed and served
by the movant with the following motions and requests: (1) motions regarding parties filed pursuant to Sections 9-18 through9-22 and motions to implead a third-party defendant filed pursuant to Section 10-11." (Emphasis added.) "The use of the word `shall,' rather than `may,' in the phrase `shall be filed and served' indicates that this provision is mandatory, rather than permissive." Executive Rental Leasing, Inc. v. GershunyAgency, Inc., 36 Conn. Sup. 567, 568, 420 A.2d 1171 (1980).
 IV. CONCLUSION
Because KFC failed to move for and receive permission to implead Allen Canning and failed to file a memorandum of law as required under Practice Book § 11-10, the third-party complaint is not properly before the court. Accordingly, the motion to dismiss the third-party complaint against Allen Canning is granted.
Teller, J.