[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY, JUDGEMENT #107.10
The plaintiff, Mary Fenyes, commenced this appeal from the order and decree of the Trumbull Probate Court, Hall, A.P.J.,
appointing the defendant, Ian R. McMillan, voluntary conservator of the person and estate of the defendant, Edmond Fenyes.
On September 1, 1999, McMillan filed a motion for summary judgment. McMillan has filed affidavits in support of his motion for summary judgment. On December 10, 1999, Edmond Fenyes CT Page 3616 submitted a memorandum of law in support of the motion for summary judgment. The plaintiff has submitted a memorandum of law in opposition with supporting affidavits and documentation.
The issue presented to this court is whether the defendant Ian R. McMillan's motion for summary judgment should be granted on the ground that the record fails to state a legal basis to overturn the Probate Court's order and decree appointing him voluntary conservator of the estate and person of the defendant, Edmond Fenyes.
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Sherwood v. Danbury Hospital,252 Conn. 193, 201, ___ A.2d ___ (2000). "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Alvarez v. New Haven Register, Inc.,249 Conn. 709, 714, 735 A.2d 306 (1999).
The plaintiff opposes McMillan's motion for summary judgment, arguing, inter alia, that the motion is procedurally defective. Specifically, the plaintiff objects to the form of the motion because McMillan, the movant, did not file a memorandum of law in support, pursuant to the provisions of Practice Book § 11-10.
Practice Book § 11-10 provides: "A memorandum of law briefly outlining the claims of law and authority pertinent thereto shall be filed and served by the movant with the following motions and requests . . . (5) motions for summary judgment." (Emphasis added.) "The use of the word `shall,' rather than `may,' in the phrase `shall be filed and served' indicates that this provision is mandatory, rather than permissive. . . .
"The reason for the requirement that a memorandum of law be served upon the opposing party with a motion for summary judgment becomes evident upon examining the prerequisites for granting summary judgment. Such a judgment shall be rendered where there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law. . . . Two conditions must be met by the moving party in order to obtain summary judgment. The movant must first establish that there is CT Page 3617 no genuine issue of material fact by furnishing supporting documentation such as affidavits, transcripts, written admissions and the like. The opposing party then has the opportunity to rebut the supporting facts by countering with documentary evidence establishing that a genuine issue of material fact does exist. . . .
"If the movant succeeds in establishing that there is no genuine issue of material fact, he must then establish that he is entitled to judgment as a matter of law. Just as the requirement of furnishing documentation gives the opposing party the opportunity to establish that an issue of fact exists, the requirement of serving a memorandum of law gives him an opportunity to rebut the claims of law upon which summary judgment is sought. In dealing with the requirement of supporting documentation, the Supreme Court . . . [has] held that it is error to grant summary judgment without giving the opposing party `a reasonable opportunity to investigate the factual and legal questions raised by the . . . [movant's] affidavits and to submit counter affidavits. . . . . . . This principle applies as much to the claims of law and pertinent authorities outlined in the supporting memorandum of law as it does to questions of fact presented in the necessary affidavits and documentary evidence. A memorandum of law setting forth the movant's legal claims is essential for the opposing party to evaluate fully and respond legally to these claims of law for the ultimate judgment of the court. Without such a memorandum of law the opposing party is unable effectively to rebut the legal claims upon which the movant bases his motion for summary judgment." (Citations omitted; internal quotation marks omitted.) Executive Rental Leasing v. Gershuny Agency, Inc., 36 Conn. Sup. 567, 568-70,420 A.2d 1171 (App. Sess. 1980); see also Adgers v. Hines SuddenService, Superior Court, judicial district of Hartford at Hartford, Docket No. 057738 (September 20, 1999, Teller, J.).
In the present case, McMillan, the movant, failed to file and serve a memorandum of law in support of his motion for summary judgment, as required by Practice Book § 11-10.[1] Because the rules of practice have not been satisfied, McMillan's motion for summary judgment is denied without prejudice.
JOHN W. MORAN, JUDGE