[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action comes before the court on a motion to dismiss the third party complaint for lack of personal jurisdiction over the third party defendants Braco Resorts Limited, Braco Operations Limited and Franidyn D. Resorts, Ltd. (collectively, Braco or the Braco entities).
The plaintiffs Gail C. and Albert E. Nevins (Nevins) filed suit in the Superior Court of New Britain against the defendants American Airlines, Inc. and American Airlines Vacation, Inc. (collectively, American Airlines) in 1998, seeking recovery for injuries sustained by the plaintiff Gail Nevins on January 29, 1997, when a ceiling fan fell on her head while she and her husband were on vacation at Braco Village Resort in Trelaway, Jamaica, West Indies. The plaintiffs Nevins claim the defendants American Airlines are responsible for such injuries because American Airlines sold the plaintiffs Nevins their vacation package trip to Jamaica. The package trip included, among other things, air transportation and hotel accommodations.
In their third party complaint filed April 30, 1999, the defendants/third party plaintiffs American Airlines allege that the third party defendants Braco are liable to them under common law indemnification. It is undisputed that at the time of the alleged incident, Braco Village Resort was owned by the defendant Braco Resorts Limited, operated by the defendant Braco Operations Limited and managed by the defendant Franidyn D. Resorts, Ltd.
On September 22, 1999, the third party defendants Braco filed a motion to dismiss the third party complaint (#133), and on October 6, 1999, filed a supporting memorandum of law, together with two supporting affidavits.[1] The third party plaintiffs filed an objection to the motion on September 30, 1999 and thereafter filed an opposing memorandum on April 14, 2000, together with and affidavit and other documentary evidence.[2] The court heard oral argument at short calendar on May 1, 2000,[3] and now issues this memorandum of decision.
 DISCUSSION
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court. Practice Book § [10-30]. The grounds which may be asserted in this motion are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process. Practice Book § [10-31]." Zizka v. Water Pollution ControlAuthority, 195 Conn. 682, 687, 490 A.2d 509 (1985). CT Page 12695
"[T]he court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light . . . ." (Internal quotation marks omitted.) Savage v. Aronson, 214 Conn. 256,264, 571 A.2d 696 (1990). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided on that alone . . . Where, however . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Citation omitted; internal quotation marks omitted.) Barde v. Board ofTrustees, 207 Conn. 59, ¶ 1-2, 539 A.2d 1000 (1988). "When a motion to dismiss for lack of personal jurisdiction raises a factual question which is not determinable from the face of the record, the burden of proof is on the plaintiff to present evidence which will establish jurisdiction." Standard Tallow Corp. v. Jowdy, 190 Conn. 48, 54,459 A.2d 503 (1983).
 I TIMELINESS
The court first addresses the third party plaintiffs' claims of untimeliness raised in regard to the filing of the motion to dismiss and its attendant memorandum of law.
The third party plaintiffs argue that the motion to dismiss is untimely filed because it fails to comply with the requirements of Practice Book § 10-30. In addition, the third party plaintiffs argue that the motion was filed without an accompanying memorandum of law as required by § 10-31. In opposition, the third party defendants argue that their motion to dismiss complied with all rules of practice requirements.
"Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." Practice Book § 10-30. Practice Book § 10-31(a) provides that a motion to dismiss "shall always be filed with a supporting memorandum of law. . . ." See also Practice Book § 11-10.
The record reflects that the third party defendants filed an appearance on May 26, 1999. On June 24, 1999, the third party defendants filed a motion for extension of time (until August 23, 1999) to respond to the third party complaint (#12 1). The third party plaintiffs did not object to the requested sixty day extension and the court, Gaffiney, J., granted the motion on July 6, 1999. Thereafter, on August 16, 1999, the third party defendants filed a second motion for extension of time, until CT Page 12696 September 22, 1999, to plead or respond to the third party complaint (#127). Again, the third party plaintiffs did not object to the requested thirty day extension and the court, Wollenberg, J., granted the second motion for extension of time on August 30. 1999.
On September 22, 1999, the third party defendants filed their motion to dismiss, within which they requested an additional fourteen days, until October 6, 1999, to submit their memorandum of law and supporting affidavits (#133). The third party defendants claimed, as they had with each extension request, that additional time was needed to establish communication with the Braco entities located in Jamaica. The third party plaintiffs filed an objection to the motion to dismiss on September 30, 1999, wherein they argued that the motion to dismiss was untimely and noncompliant with the rules of practice (#136). On October 6, 1999, the third party defendants filed their memorandum of law together with two supporting affidavits (#137). On January 28, 2000, the third party plaintiffs filed a motion for extension of time to file a response to the motion to dismiss (#140). On February 14, 2000, the court, Graham, J.,
granted the extension, giving the third party plaintiffs until April 14, 2000 to file a response. Thereafter, on April 14, 2000, the third party plaintiffs filed a opposition memorandum of law (#144). On April 28, 2000, the third party defendants filed a reply to the opposition memorandum of law (#145). Following permission of the court at short calendar, the third party plaintiffs filed a response to the reply on May 3, 2000 (#146), and the third party defendants filed a reply to the response on May 8, 2000 (#147).
The court finds that the motion to dismiss was filed within thirty days of the third party defendants' appearance, as is required by § 10-30, calculating the thirty days from the last granted date of extension. The request for additional time in which to file the memorandum of law was also filed within the thirty day time period as the request was made within the timely filed motion to dismiss. The issue before the court is whether the additional fourteen days requested and taken by the third party defendants before filing their memorandum of law constitutes a failure to comply with §§ 10-31 and 11-10.
"A memorandum of law setting forth the movant's legal claims is essential for the opposing party to evaluate fully and respond legally to these claims of law for the ultimate judgment of the court. Without such a memorandum of law the opposing party is unable effectively to rebut the legal claims upon which the movant bases his motion. . . ." ExecutiveRental and Leasing Inc. v. Gershunv, McGettinan, Cameron Anency, Inc.,36 Conn. Sup. 567, 570, 420 A.2d 1171 (1980) (denying motion for summary judgment where the movant never submitted a supporting memorandum of law). "Thp practice book requirement for simultaneous filing and serving CT Page 12697 need not be so administered as to create unnecessary filings and unreasonable and illogical results." Rinere v. M. Kalfus Building andDesign Corp., Superior Court, judicial district of New Haven, Docket No. 388822 (April 9, 1997, DeMayo, J.) (19 Conn.L.Rptr. 393).
Here, the matter deals not with an absolute failure to comply with the rules of practice by declining to file a required memorandum, but with an untimely compliance by filing the memorandum fourteen days following a requested extension, but long in advance of scheduled argument before the court. See Stewart v. Air Jamaica Holdinas Limited, Superior Court, judicial district of Hartford, Docket No. 589438 (May 2, 2000, Rubinow,J.) (issue of untimeliness for memorandum of law in support of motion to dismiss filed five days following a requested extension found in favor of the defendant). In their motion to dismiss, the third party defendants Braco outhned their argument against personal jurisdiction by indicating that jurisdiction did not fall within General Statutes § 33-929
(17). This gave the third party plaintiffs sufficient notice as to the argument against personal jurisdiction on which the motion to dismiss would be based. While the third party plaintiffs seasonably and appropriately objected to the noncompliant filing, they failed to establish an adequate basis from which the court could devine any undue prejudice which resulted from the delay. "The purpose of Section 204 [now11-10] is to grant the opposing party notice of the motion and the legal basis for it. The [third party plaintiffs do] not claim that notice was inadequate or that [they] needed time to prepare for argument." Rinerev. M. Kalfus Buildina and Design Corp., supra, (19 Conn.L.Rptr. 393). Here, the third party plaintiffs had six months in which to file a detailed objection in response to the third party defendants' memorandum of law and two more weeks thereafter to prepare for argument. Accordingly, the court declines to deny the motion to dismiss on the grounds of untimeliness, finding the issue in favor of the third party defendants Braco.
 II PERSONAL JURISDICTION
"If a challenge to the court's personal jurisdiction is raised by a defendant, either by a foreign corporation, or by a nonresident individual, the plaintiff must bear the burden of proving the court's jurisdiction." Knipnle v. Vikina Communications, Ltd., 236 Conn. 602,607, 674 A.2d 426 (1996). "When a defendant files a motion to dismiss challenging the court's jurisdiction, a two part inquiry is required. The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the defendant. If the statutory requirements are met, its second obligation is then to decide whether the exercise of jurisdiction over the defendant would CT Page 12698 violate constitutional principles of due process." (Internal quotation marks omitted.) Kninple v. Vikina Communications, Ltd., supra,236 Conn. 606.
Section 33-929 (f) sets forth Connecticut's long arm statute for acquiring personal jurisdiction over foreign corporations. Section 33-929
(f) provides that a foreign corporation will be subject to suit in the state of Connecticut by a resident of the state, regardless of whether the foreign corporation transacts business in the state, on any cause of action arising out of a 1) contract, 2) solicitation, 3) production, manufacture, distribution of goods, or 4) tortious conduct, by or with the foreign corporation. See § 33-929 (f). "If the conduct of a foreign corporation does not fit within the terms of § 33-929 (f), the courts of this state do not have personal jurisdiction over that corporation, even though jurisdiction would otherwise be conferred under the federal due process clause of the U.S. Constitution." Knipple v.Viking Communications, Ltd., supra, 236 Conn. 606. Both parties agree that the applicable long arm statute is § 33-929 (1)' and further, that only subsection (2) is at issue in this action. Specifically, the court must address whether this is a "cause of action arising . . . out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers thereto were accepted within or without the state . . (Emphasis added.) General Statutes § 33-929 (1)(2).
"When a motion to dismiss for lack of personal jurisdiction raises a factual question that cannot be decided on the face of the record, the burden of proof is on the plaintiffs to present evidence which will establish jurisdiction." Standard Tallow Corp. v. Jowdy, supra,190 Conn. 54. "To meet this burden, the plaintiffs must do more than merely rely on conclusory allegations in their complaint. Instead, they must make at least a prima facie showing of jurisdiction through their own affidavits or supporting materials." Goldstein v. Nutrition Now,Inc., Superior Court, judicial district of Waterbury, Superior Court, Docket No. 150429 (August 9, 1999, Sheldon, J.).
The third party plaintiffs argue that the Braco entities repeatedly solicited in Connecticut and they offer photocopies of two advertisements in support of their opposition. (See American Airlines' memorandum in opposition filed April 14, 2000, Exhibits B and C.) Specifically, American Airlines offers two advertisements for Braco Village Resort Limited placed at unknown dates, one in the New York Times Sunday Travel Section (see Exhibit B) and the other in Islands Magazine (see Exhibit C).
The advertisement in the New York Times is a general advertisement touting a special at Braco Village Resort.[4] (See opposition CT Page 12699 memorandum of law, Exhibit B.) No contact names, addresses or numbers are provided in this advertisement. The third party plaintiffs fail to provide the context in which this advertisement appeared in the New York Times. The other advertisement in Islands Magazine provides a first person narrative about the activities sampled by a guest of the resort and gives a contact telephone number for Braco Village Resort in Jamaica and a 1-800 number for FDR Holidays Ltd. in Freeport, New York.[5] (See opposition memorandum of law, Exhibit C.)
Neither advertisement was placed in a regional or local publication. "When a corporation solicits business in a geographically focused area, it must reasonably expect to be sued in the courts of that area in any dispute arising from or concerning the business so solicited. Where, by contrast, a company's advertising is not so placed or designed as to solicit business in a particular area, no comparable expectation of being sued in local courts can be said to arise." Goldstein v. Nutrition Now,Inc., supra, Superior Court, Docket No. 150429.[6]
Even if these two advertisements could be found to be solicitations by the Braco entities of business in Connecticut, they are not repeated solicitations of such business as is required for the exercise of long arm jurisdiction under § 33-929 (t)(2) because there is no evidence as to the frequency of these advertisements. Connecticut courts have been rigorous in the definition of whether a corporation "repeatedly so solicited business." See, e.g., Wylie v. Sapphire Beach Resort andMarina, Superior Court, judicial jistrict of Litchfield, Docket No. 067304 (August 4, 1995, Picket, J.) (15 Conn.L.Rptr. 188) (placement of three advertisements in The Hartford Courant over a one year period did not constitute the repeated solicitation of business in Connecticut).
"Affidavits are insufficient to determine the facts, unless, like the summary judgment, they disclose that no genuine issue as to a material fact exists." (Internal quotation marks omitted.) Lampasona v. SteveJacobs, 7 Conn. App. 639, 642, 509 A.2d 1089 (1986), affd, 209 Conn. 724,553 A.2d 175 (1989), cert. denied, 492 U.S. 919, 109 S.Ct. 3244,106 L.Ed. 590 (1989). "A decision to grant a motion to dismiss may appropriately be based upon uncontroverted affidavits or materials from the party seeking dismissal." Goldstein v. Nutrition Now, Inc., supra, Superior Court, Docket No. 150429. "Because an evidentiary hearing was not requested in this case by either party, [the court] will accept, as the trial court should, all undisputed factual allegations for the purpose of determining whether the plaintiffs have sustained their burden of proving that the court had personal jurisdiction over either or both of the defendants under the long ann statutes." Knipple v. VikingCommunications, supra, 236 Conn. 608-09.
CT Page 12700 The third party defendants Braco argue that the elements of § 33-929
(17) (2) are not satisfied in light of the facts revealed in the sworn affidavits of Dr. Noel Lyon, Chairman of both Braco Resorts Limited and Braco Operations Limited, and Dennis S. Williams, financial controller of Franidyn D. Resorts, Ltd. Lyon avers that Braco Resorts Limited and Braco Operations Limited did not solicit business in the United States. (See Lyons affidavit, October 6, 1999, ¶ 6.) Williams avers that Franklyn D. Resorts, Ltd. did not solicit business in Connecticut. (See Williams affidavit, October 6, 1999, ¶ 7.) The third party plaintiffs offer only the two undated advertisements in opposition to these affidavits.
Subsection (2) of the long arm statute authorizes this court to exercise jurisdiction if the foreign corporation repeatedly solicits business in this state. "For purposes of § 33-411 (c)(2) [now §33-929 (f)(2)], a plaintiff's cause of action arises . . . out of . . . business solicited in this state if, at the time the defendant engaged in solicitation in Connecticut, it was reasonably foreseeable that, as a result of that solicitation, the defendant could be sued in Connecticut by a solicited person on a cause of action similar to that now being brought by the plaintiffs." (Internal quotation marks omitted). Thomastonv. Chemical Bank, 234 Conn. 281, 296, 661 A.2d 595 (1995).
"However, there being no evidence that the defendant specifically solicited the plaintiff's business in Connecticut, or that it generally solicits business in Connecticut, this subsection [§ 33 -929(f)(2)] cannot be a basis for personal jurisdiction over the defendant." Bennettv. Performance Racing and Marine, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 417998 (January 27, 1999, Silbert,J.).
Under these circumstances, it is not reasonably foreseeable that, as the result of their solicitation, the third party defendants could be sued in Connecticut by a solicited person on a cause of action similar to that now being brought by the third party plaintiffs. Accordingly, the court finds that the long arm statute, § 33-929 (1)(2), does not authorize the assertion of jurisdiction over the third party defendants Braco.
 DUE PROCESS
American Airlines fails to present evidence contradicting the affidavits submitted by the third party defendants Braco and supporting personal jurisdiction over the third party defendants Braco. Accordingly, the court need not examine due process considerations for personal jurisdiction because the first prong of finding an applicable state jurisdictional statute is absent. See Frazer v. McGowan, 198 Conn. 243, CT Page 12701 246-47, 502 A.2d 905 (1986). Jurisdiction does not lie under § 33-929
(17) (2) because there is not the type of repeated solicitation required by the statute.
 CONCLUSION
As discussed herein, the court finds the third party defendants' motion to dismiss and supporting memorandum of law were timely filed. Further, the court finds that the third party plaintiffs cannot invoke the state's long arm statute to gain jurisdiction over these third party defendants and, therefore, the motion to dismiss is granted.
BY THE COURT
Hon. Andre M. Kocay, J.