[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#113)
The plaintiff commenced this debt collection action through its single count complaint dated April 10, 2000, and bearing a return date of April 25, 2000. Under date of June 10, 2000, the plaintiff filed a motion for summary judgment as to liability (#113), claiming that there are no genuine issues of material fact as to the existence of the debt owed to the plaintiff.[1] With its motion, the plaintiff submitted the following exhibits: an affidavit from David Waltz; a copy of a written agreement purporting to represent the defendant's agreement to pay the plaintiff for the delivery of certain products; a copy of the defendant's response to a request for admissions; and copies of five invoices ostensibly representing the plaintiff's delivery of products to the defendant. No other supporting documents were provided to the court or to the defendant. Under date of August 18, 2000, the defendant submitted its objection to the plaintiff's motion for summary judgment. The defendant's objection was accompanied by a supporting memorandum of law, as required by Practice Book § 11-10. The defendant also submitted an affidavit from Chapin Miller in support of its objection.
In opposition to the motion for summary judgment, the defendant raises two distinct grounds. First, the defendant claims that the plaintiff failed to follow the procedural requirements essential to such a potentially dispositive motion. Second, the defendant claims the existence of issues of fact which are not resolved through the plaintiff's exhibits, rendering this matter inappropriate for resolution through summary judgment. The court finds these matters in favor of the defendant.
The plaintiff has argued that the court should consider the merits of CT Page 13322 this motion, notwithstanding its failure to supply the court and counsel with a written memorandum of law in support of summary judgment. On this issue, Practice Book § 11-10 provides the following language, applicable to motions for summary judgment: "A memorandum of law briefly outlining the claims of law and authority pertinent thereto shall befiled and served by the movant with . . . motions for summaryjudgment."[2] (Emphasis added.) The language of this Practice Book section has long been interpreted to be mandatory. Executive Rental Leasing v. Gershuny Agency, Inc., 36 Conn. Sup. 567, 568-70,420 A.2d 1171 (App. Sess. 1980, Bieluch, J.); see also Fenyes v. Estate ofEdmond Fenyes, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 61659 (March 30, 2000, Moran, J.); Adgers v. HinesSudden Service, Superior Court, judicial district of Hartford at Hartford, Docket No. 577380 (September 20, 1999, Teller, J.). "The requirement of simultaneously filing and serving a supporting memorandum of law with the motion, therefore, is not merely directory, but must be followed where a seasonable objection to the failure of the movant to comply with the rule is raised by the opposing party. The trial court cannot waive this requirement over objection of the opposing party because the memorandum of law is directed to the opposing party as well as to the court. . . . This principle applies as much to the claims of law and pertinent authorities outlined in the supporting memorandum of law as it does to questions of fact presented in the necessary affidavits and documentary evidence. A memorandum of law setting forth the movant's legal claims is essential for the Opposing party to evaluate fully and respond legally to these claims of law for the ultimate judgment of the court. Without such a memorandum of law the opposing party is unable effectively to rebut the legal claims upon which the movant bases his motion for summary judgment." Executive Rental Leasing v. Gershuny Agency, Inc., supra, 36 Conn. Sup. 568-70.
In this matter, because the plaintiff failed to attach a memorandum in support of its motion for summary judgment, the defendant was denied the requisite opportunity to evaluate fully and respond legally to the plaintiff's claims of law. The court, as well, was without the opportunity to fully review and analyze the plaintiff's legal claims, and the authority upon which he bases his motion for summary judgment. Under these circumstances, the plaintiff having failed to comply with the requirements of Practice Book 10-11, the court finds that the motion is procedurally defective, and that there is an inadequate basis for granting the motion for summary judgment.
Additionally, through its memorandum of law and affidavit submitted in support of the objection to the motion for summary judgment, the defendant has identified numerous material issues of fact that remain unresolved at this stage of the proceedings. It is axiomatic and CT Page 13323 fundamental that "the party seeking summary judgment has the burden of showing the nonexistence of any material fact. . . ." Home Ins. Co. v.Aetna Life Casualty, 235 Conn. 185, 202, 663 A.2d 1001 (1995). "[A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Internal quotation marks omitted.) Miller v. UnitedTechnologies Corp., 233 Conn. 732, 752, 660 A.2d 810 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) Hertz Corp. v. Federal Ins. Co., 245 Conn. 374,381, 713 A.2d 820 (1998); see also Serrano v. Burns, 248 Conn. 419, 424,727 A.2d 1276 (1999). Summary judgment thus "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies Corp., supra, 233 Conn. 752.
Viewing the exhibits tendered by both parties in the light most favorable to the nonmoving defendant, a close examination of Chapin's affidavit reveals that, despite the plaintiff's claims, there remain a number of significant factual issues concerning the nature of the contractual or commercial relationship between that Chic Miller's Chevrolet and the New G. H. Berlin Oil Co. The affidavits and exhibits before the court do not clearly resolve the essential issues related to the terms of the agreement between these parties, or the degree to which performance by either party conformed with the terms of that agreement. These matters represent issues of material fact, and accordingly present issues to be determined by the jury. Summary judgment cannot be sustained in the face of such factual questions. Home Ins. Co. v. Aetna Life Casualty, supra, 235 Conn. 202.
WHEREFORE, the plaintiff's motion for summary judgment (#113) is hereby DENIED.
BY THE COURT,
N. Rubinow, J.