[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION #113 MOTION FOR SUMMARY JUDGMENT
The plaintiffs allege in their complaint that on or about February 28, 1995, the plaintiff Joseph Petrillo was operating a motor vehicle on East Rock Road in the city of New Haven. Said vehicle was owned and insured by the defendant Budget Rent-A-Car. The plaintiff April Gates was a passenger in the automobile at that time and place.
The plaintiffs further allege that while the plaintiff, Petrillo was operating the vehicle he swerved to avoid hitting another motor vehicle in the roadway, causing his motor vehicle to go off the road, down an embankment and causing injuries to the plaintiffs. Plaintiffs allege that their injuries were caused by the negligence of the unknown operator of the other vehicle.[1]
On December 21, 2001, the defendant moved for permission to file a motion for summary judgment. Said motion was granted on January 28, 2002. On December 21, 2001, the defendant filed a motion for summary judgement.
The gist of the defendant's motion is two-fold: 1) the plaintiff Petrillo is not entitled to uninsured/underinsured motorist benefits as CT Page 1824 he was not injured by an uninsured/underinsured motor vehicle and therefore he may not recover from the defendant; and 2) The plaintiff, Petrillo was an unauthorized driver of the rental vehicle and therefore he may not recover from the defendant.
Section 17-45 of the Connecticut Practice Book concerns the proceedings for motions for summary judgment. It provides that:
 A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. The motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion and the supporting materials, unless the judicial authority otherwise directs. The adverse party [prior to the day the case is set down for short calendar] shall at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence. Affidavits, and other documentary proof not already a part of the file, shall be filed and served as are pleadings.
Attached to the plaintiffs Motion for Summary Judgment was:
1) Rental contract form; and
2) Excerpt of September 23, 2001 deposition of Joseph Petrillo; and
 3) Affidavit of Ed Calvin, investigator by the law firm of Milano Wanat.
Prior to hearing argument on the Motion for Summary Judgement the Court examined the file and ascertained that the plaintiffs have not, as of this date filed an objection to the Motion for Summary Judgment.
Before addressing the merits of plaintiffs motion, a brief review of the standards for the granting of a Motion for Summary Judgment is necessary:
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for CT Page 1825 summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Orkney v. Hanover Ins. Co., 248 Conn. 195, 201, 727 A.2d 700
(1999).
QSP, Inc. v. The Aetna Casualty Surety Co., 256 Conn. 343, 351 (2001).
 A "material fact" is a fact that will make a difference in the result of the case. See Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). The facts at issue are those alleged in the pleadings. See Plouffe v. New York, N.H. HR. Co., 160 Conn. 482, 489, 280 A.2d 359
(1971). The party seeking summary judgment "has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980).
 Norse Systems, Inc. v. Tingley Systems, Inc., 49 Conn. App. 582, 590
(1998).
Section 38a-336 of the Connecticut General Statutes concerns uninsured and underinsured motorist insurance coverage. Subsection 38a-336 (a)(1) provides in pertinent part that:
 Each automobile liability insurance policy shall provide insurance, herein called uninsured and underinsured motorist coverage, in accordance with the regulations adopted pursuant to section 38a-334, with limits for bodily injury or death not less than those specified in subsection (a) of section 14-112, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and underinsured motor vehicles and insured motor vehicles . . .
Plaintiff alleges in the second paragraph of his complaint that the proximate cause of the accident that caused his injuries was:
"[On or about February 28, 1995, he] was operating his motor vehicle on East Rock Road and he swerved to avoid hitting another motor vehicle in the roadway causing the motor vehicle to go off the road down an CT Page 1826 embankment and causing damage to the plaintiffs seated therein."
On September 27, 2001, the defendant took the deposition of Joseph Petrillo, despite the allegations in the complaint, while under oath at the deposition the plaintiff testified as follows:
 A. We left April's mother's house on State Street, went down, took a right on East Rock Road, came through the Stop sign. Baseball field's on the left-hand side. We passed through that. We got up on top of the hill and was coming down the first turn where East Rock Road — and that's when the guy jumped out. So I swerved in the opposite land to avoid hitting him. He jumps in that lane. So when I swerved back, I ran up on the embankment. And then it flipped over and slid down the hill.
Q. You said a man jumped out of the road? Is that correct?
A. Mm-hmm. Naked.
Q. A naked man?
A. Yes.
 Q. In your Complaint — I want to be clear about this because I wasn't sure what exactly happened. You allege that it was another vehicle that forced you off the road.
A. No. That's not true.
(Deposition Page 20)
 Q. So in your Complaint, in Paragraph 3, which reads "on said date and time, Joseph Petrillo was operating his motor vehicle on East Rock Road and he swerved to avoid hitting another vehicle in the roadway, causing the motor vehicle to go off the road and down an embankment and causing damage to the Plaintiff seated therein." That allegation is not accurate?
A. No. Where did you get that from? CT Page 1827
Q. That is what is stated in your Complaint. You're shaking your head?
A. Not true
Q. Not true? At what point did you first observe this naked man?
A. As soon as I turned the curve.
(Deposition Page 21)
The plaintiffs own testimony during his deposition makes it clear that the cause of his vehicle swerving off of the road was not an unknown uninsured motor vehicle, but a naked man suddenly appearing in his path.
Whereas there are no genuine issues of material fact in existence, the court finds as a matter of law that any alleged injury to the plaintiff was not caused by an uninsured or underinsured motor vehicle. The defendant's motion for summary judgment is granted. Judgment may enter in favor of the defendant. So ordered.
Richard A. Robinson, J February 13, 2002