RAYMOND A. PLOUFFE *v.* NEW YORK, NEW HAVEN AND
HARTFORD RAILROAD COMPANY ET AL.

ALCORN, C. J., HOUSE, THIM, RYAN and SHAPIRO, Js.

Argued February 5—decided March 3, 1971

*John J. Mahon,* for the appellant (plaintiff).

*Jackson T. King, Jr.,* for the appellant (intervening plaintiff Fred B. Clark Corporation).

*Joseph P. Cooney,* with whom, on the brief, was *David T. Ryan,* for the appellees (named defendant et al.).

HOUSE, J. This action was brought in five counts. The first two were directed against the town of East Hampton and we are not concerned with them on this appeal. The third and fourth counts were directed against the named railroad defendant and its trustees in reorganization. The fifth count was directed against The Penn Central Company which, it was alleged, had assumed the obligations and liabilities of the New Haven Railroad. The third count alleged that the New Haven Railroad trustees were charged with the duty of operating that railroad, that as trustees they "owned, controlled, maintained and operated" a railroad which passed under Flat Brook Road, a public highway in East Hampton, that some time prior to April 27, 1968, they caused a wooden bridge "to be legally placed upon" that road in order to maintain and operate the railroad and allow vehicles to cross the road, that on and for a long time prior to that date they were charged with the proper care, maintenance "and/or" repair of the bridge and that on April 27, 1968, the plaintiff was operating a truck across the bridge when it collapsed, causing injuries to him. It is also

alleged that the bridge was then and, for a long time prior thereto had been, in a dangerous and defective condition and that the defendant trustees knew or should have known of the condition and neglected to remedy the defective condition. It is further alleged that the collapse of the bridge and the plaintiff's injuries were due to the negligence and carelessness of the defendant trustees, their agents, servants "and/or" employees in that they caused, allowed, "and/or" permitted the bridge to be constructed and maintained in a defective, unsafe and dangerous manner, in that they maintained it so that it was a trap and inherently dangerous to users, and in that they failed to inspect, repair and maintain the bridge in a safe condition and warn members of the public of the dangerous and hazardous conditions. The fourth count, directed against the New Haven Railroad only, incorporated the general allegations of the third count with respect to the condition of the bridge and the duties and actions of the trustees in constructing and maintaining the bridge and also alleged that the accident was due to the fault of the railroad in creating and maintaining the bridge as a nuisance. The fifth count, directed against The Penn Central Company, alleged that as it had assumed the obligations and liabilities of the New Haven Railroad, including those alleged in the third and fourth counts, the plaintiff would seek from it satisfaction for any judgment "and/or" settlement to which he might be entitled as a result of the claims alleged in those counts. The complaint, as amended, also alleged that on May 9, 1968, the plaintiff had given to the New Haven Railroad notice of the accident and his intention to hold that railroad liable for his damages. A copy of the notice was annexed to the amended complaint as an exhibit.

The plaintiff's employer, having paid workmen's compensation to the plaintiff, on June 6, 1969, filed an intervening complaint repeating all the allegations in the five counts of the plaintiff's complaint. See General Statutes § 31-293. The writ, summons and complaint were dated April 16, 1969, and made returnable to the Superior Court on the first Tuesday of June, 1969. On June 10, 1969, the defendant trustees and the New Haven Railroad filed a joint answer to the third, fourth and fifth counts of the complaint and a similar answer to the intervening complaint. In brief, they admitted the corporate existence of the New Haven Railroad, the status of the trustees charged with the duty of operating it and that the trustees had been ordered to turn over all the assets of the New Haven Railroad to The Penn Central Company. They denied all the allegations regarding the bridge and pleaded no knowledge as to the plaintiff's alleged accident and injuries.

On the same date on which they filed their answers, June 10, 1969, the defendant trustees and the New Haven Railroad filed a motion for summary judgment, claiming that there was no genuine issue of any material fact with respect to the nonliability of these defendants. With the motion they filed two affidavits executed by former employees of the New Haven Railroad. The purport of the affidavits was that in 1966 the railroad tracks had been removed from beneath the Flat Brook Road bridge, that the railroad under the bridge had been abandoned upon removal of the tracks and that a letter to that effect dated January 19, 1966, had been written to the first selectman of the town of East Hampton with a copy to the public utilities commission.

On June 26, 1969, when the motion came on for

hearing, the plaintiff filed a pleading entitled "Objection Of The Plaintiff Raymond A. Plouffe To The Defendants' . . . Motion For Summary Judgment On The Complaint And Intervening Complaint." The pleading stated that the plaintiff "claims that there is a genuine issue as to any material fact with respect to the liability of said defendants", referred to an "explanatory affidavit" submitted with the motion and moved that the motion for summary judgment be denied or the court order a continuance in order to permit affidavits to be obtained or discovery to be had to ascertain the facts. The only affidavit submitted by the plaintiff was one executed by his attorney. The purport of the affidavit was that neither the plaintiff nor his counsel had any personal knowledge as to the facts stated in the defendants' affidavits, that those facts were within the exclusive knowledge of the defendant railroad and the plaintiff was still in the process of investigating the defendants' claims and the questions of law arising from the facts recited in those affidavits. It further asserted that the plaintiff's complaint alleged causes of action sounding in common-law negligence and nuisance as well as a cause of action based on statutory liability and that since the affidavits of the defendants contained no facts relative to the common-law causes of action the motion for summary judgment should be denied. The affidavit concluded with a request that the court deny the motion for summary judgment or order a continuance to permit affidavits to be obtained, motions for disclosure and production to be filed, "and/or" depositions to be taken in order to ascertain the truth of the facts as set forth in the defendants' motion for summary judgment.

On August 28, 1969, the court granted the motion

for summary judgment for the defendant trustees and New Haven Railroad and, suo motu, directed the entry of summary judgment for The Penn Central Company on count five of the complaint on the ground that the plaintiffs had no legal standing against that company in the absence of such standing against the New Haven Railroad and its trustees. While the court did not expressly deny the plaintiff's motion for a continuance, such a denial is implicit in the decision it reached and the memorandum of decision states: "The plaintiff has had ample opportunity to put in issue and to question the veracity of the subject matter of the two affidavits submitted by the moving defendant railroad and its trustees." From the judgment rendered the plaintiffs have taken this appeal.

Summary judgment procedure is an attempt to dispose of cases involving sham or frivolous issues in a manner which is speedier and less expensive for all concerned than a full-dress trial. We have recently discussed the proper procedure in such cases as *McColl* v. *Pataky,* 160 Conn. 457, 280 A.2d 146; *Dowling* v. *Kielak,* 160 Conn. 14, 273 A.2d 716; *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 260 A.2d 596; and *Dorazio* v. *M. B. Foster Electric Co.,* 157 Conn. 226, 228, 253 A.2d 22. Until 1963, summary judgment in Connecticut was very narrowly restricted but the 1963 Practice Book greatly expanded the scope of the procedure with the adoption of new rules substantially similar to the procedure provided in the federal rules. See Practice Book §§ 297–306 and Fed. R. Civ. P. 56. This accounts for the comparative lack of Connecticut cases dealing with the subject and the special precedential value of federal cases and authoritative comments thereon.

Without attempting to summarize the general principles and rules which govern summary judgment procedure, it suffices for the purpose of deciding the merits of this appeal to note the basic errors in the trial court proceedings.

The first mistake was made by the defendants. Although their motion for summary judgment recited that there was no genuine issue as to any material fact with respect to the nonliability of the defendants, their supporting affidavits were limited to proof of the single fact that the tracks under the bridge had been removed. These affidavits, even if sufficient to support a judgment on the statutory liability basis of the complaint in the light of such cases as *Sawicki* v. *Connecticut Ry. & Lighting Co.,* 129 Conn. 626, 30 A.2d 556; *DeCapua* v. *New Haven,* 126 Conn. 558, 13 A.2d 581; and *Middletown* v. *New York, N.H. & H.R. Co.,* 62 Conn. 492, 27 A. 119, a matter which we do not now decide, did not even purport to show the nonexistence of all the issues of fact raised by the pleadings relating to common-law negligence and nuisance. "The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to judgment as a matter of law. The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." 6 Moore, Federal Practice (2d Ed.) ¶ 56.15 [3]. The defendants' affidavits did not attempt to show that there was no genuine issue of fact arising from the contested common-law negligence and nuisance allegations that the defendants

caused the bridge to be improperly constructed and maintained in a defective, unsafe and dangerous manner, and failed to make reasonable inspections and maintain the bridge in a reasonably safe condition. Since these factual issues, contested in the pleadings and not even referred to in the defendants' affidavits, remained unresolved, the court was clearly in error in granting the motion for summary judgment. Also, even if the affidavits submitted by the defendants sufficed to support a partial judgment pursuant to the provisions of § 305 of the Practice Book despite the defendants' improper piecemeal attack upon the causes of action alleged in the complaint, the court should not have decided the merits of the limited motion without affording the plaintiffs a reasonable opportunity to investigate the factual and legal questions raised by the defendants' affidavits and to submit counter affidavits if the result of their investigations warranted it.

As we have already noted, after the filing of the defendants' motion for summary judgment with supporting affidavits the plaintiff filed a motion that either the defendants' motion be denied or that he be granted a continuance in order to permit counter affidavits to be obtained or discovery be had to ascertain the truth of the facts alleged in those affidavits. Such a motion is authorized by § 301 of the Practice Book. The affidavit accompanying this motion recited that the facts set out in the defendants' affidavits relative to the removal of the tracks as well as to the construction, maintenance and control of the bridge were within the exclusive knowledge of the moving defendants, that the plaintiff was in the process of investigating the claims set forth in those affidavits and researching the issues of law raised by the facts therein recited. The

affidavit properly set forth what steps were being taken to acquire the information desired. See *Dorazio* v. *M. B. Foster Electric Co.,* supra, 230. Of course, the bare recital in the plaintiff's motion that a genuine issue of material fact did exist was of no aid to the plaintiff in contesting the merits of the defendants' motion. "It is not enough that one opposing a motion for a summary judgment claims there is a genuine issue of material fact; some evidence showing the existence of such an issue must be presented in the counter affidavit." *Hartmann* v. *Smith,* 158 Conn. 613, 614, 259 A.2d 645; *Kasowitz* v. *Mutual Construction Co.,* 154 Conn. 607, 613, 228 A.2d 149. The circumstances, however, disclosed in the plaintiff's affidavit and the complexity of the legal issues raised by the factual situation disclosed in the defendants' affidavits, limited though those facts were, warranted favorable action by the court on the plaintiff's motion for a reasonable continuance. The general principle is well stated in 6 Moore, Federal Practice (2d Ed.) ¶ 56.24, referring to federal rule 56(f), of which our Practice Book § 301 is the counterpart: "Where, however, the party opposing summary judgment timely presents his affidavit under Rule 56(f) stating reasons why he is presently unable to proffer evidentiary affidavits he directly and forthrightly invokes the trial court's discretion. Unless dilatory or lacking in merit, the motion should be liberally treated. Exercising a sound discretion the trial court then determines whether the stated reasons are adequate. And, absent abuse of discretion, the trial court's determination will not be interfered with by the appellate court." Both federal rule 56(f) and Practice Book § 301 indicate that considerations of equity should govern the decision of the trial court in deciding the merits of such

motions for a continuance. Both authorize a continuance to permit affidavits to be obtained or discovery to be had and "such other order as is just." Under the circumstances disclosed by the affidavit filed with the plaintiff's motion for a continuance we are impelled to conclude that the court abused its discretion in refusing a reasonable continuance to permit the plaintiffs to investigate the truth of the facts contained in the defendants' affidavits and research the legal issues raised thereby.

Two other assignments of error require brief mention. Since the affidavits submitted by the defendants did not even attempt to contest the truth of all the material allegations of fact contained in the plaintiff's complaint and denied by the defendants' answer, the plaintiff was under no obligation to establish by counter affidavit the truth of the unattacked allegations. By contesting the existence of only one material fact, the existence of which is not conclusive on the merits of the entire case, a party moving for summary judgment cannot place on the other party the burden of submitting affidavits to establish the truth of other pleaded material facts which the moving party has not attacked. See *Vale v. Bonnett*, 191 F.2d 334, 336, 337 (D.C. Cir.). Nor, contrary to the claims of the defendants and the ruling of the trial court, does Practice Book § 301 require that affidavits in support of a request for a continuance be affidavits "by" the party opposing the motion for summary judgment. The rule provides that such affidavits be those "of a party" opposing the motion. We do not construe this language as limiting permissible affidavits only to statements subscribed and sworn to by the party himself as distinguished from any sworn statement obtained by or for the party and submitted in his

behalf. See *Chung Wing Ping* v. *Kennedy,* 294 F.2d 735, 736 (D.C. Cir.); *Edward B. Marks Music Corporation* v. *Stasny Music Corporation,* 1 F.R.D. 720, 721 (S.D. N.Y.).

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.