[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The plaintiffs filed a second amended complaint on August 29, 1990. The first count, brought by Mr. Domek, is based on negligence and/or malpractice. The second count, brought by Mrs. Domek, is based on loss of consortium. Both counts allege the same underlying facts.
The plaintiffs allege that, on June 4, 1984, Mr. Domek went to the defendant's office where the defendant examined him and performed a lumbar puncture test. The plaintiffs allege that this test revealed that Mr. Domek's glucose level was abnormally high. The plaintiff alleges further that he was never informed by the defendant of the abnormal test result or its implications. The plaintiff further alleges that defendant continued to consult with the plaintiff's primary physician and to prescribe medication through September of 1985.
The plaintiff alleges that in October of 1985 he was diagnosed as having diabetic neuropathy and that the defendant was negligent because he failed to inform the plaintiff of the test result which indicated that he had diabetes. Mr. Domek claims to have suffered considerable injuries because of defendant's failure to properly diagnose his condition.
The defendant filed an amended answer on January 4, 1991, closing the pleadings. On July 1, 1991 the defendant filed c CT Page 7074 motion for summary judgment. In his motion, the defendant claims that the plaintiff's claims are barred by the applicable statute of limitations, General Statutes 52-584. The defendant denied that he continued to consult or prescribe medications for the plaintiff. The defendant claims that his involvement with the plaintiff ended on June 4, 1984 when he performed the lumbar puncture and sent the results to Mr. Domek's primary physician. Both parties have filed briefs with supporting affidavits and exhibits.
Summary judgment is appropriate when the pleadings, affidavits and all the other properly submitted evidence demonstrate that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Practice Book 384; Strada v. Connecticut Newspapers, Inc.,193 Conn. 313, 316 (1984). The party moving for summary judgment "has the burden of showing the absence of any genuine issue as to all material facts." Plouffe v. New York, N.H. N.R. Co., 160 Conn. 482,488 (1971).
The defendant moves for summary judgment on the ground that plaintiff's claim is barred by the statute of limitations. The defendant claims that he last treated the plaintiff in June, 1984. The plaintiff's original pro se complaint was served on the defendant on September 15, 1987. The applicable statute of limitations provides that "no action may be brought more than three years from the date of the act or omission complained of." General Statutes 52-584. The defendant claims that the plaintiff's action was brought more than three years after the alleged negligent treatment.
The plaintiff alleges in his second amended complaint that the defendant continued to consult with Dr. Pitegoff, the plaintiff's primary physician, and to prescribe medication until September of 1985. The plaintiff claims that the original action was brought within the three year statute of limitations which would not have expired until September er er of 1988.
The plaintiff has submitted affidavits and documentary evidence to support his claim that the defendant continued involvement in his case, including an affidavit of Raymond Murawski, Chief Pharmacist at the Rite Aid pharmacy where the plaintiff filed his prescriptions. Mr. Murawski states that prescription number 276678 was the defendant's prescription for the plaintiff and that Rite Aid refilled the prescription in September of 1985. He further states that Rite Aid would not have done so without either receiving a new prescription order from the defendant or contacting the defendant by telephone and confirming the order. The plaintiff has submitted copies of pill bottles and receipts. CT Page 7075
The defendant, in his affidavit, denies ever ordering a new prescription for the plaintiff or having ever been contacted by Rite Aid to renew the old prescription. He also offers the deposition testimony of Dr. Pitegoff, the plaintiff's primary physician, who states that he had never been in consultation with the defendant regarding the plaintiff.
Summary judgment would be inappropriate here because there is genuine issue as to a material fact, namely, when the defendant's involvement in plaintiff's care ended. Both parties have submitted affidavits and other documentary evidence supporting their positions. In light of this disputed factual issue, the defendant has not established the absence of an issue as to all material facts. Accordingly, the defendant's motion for summary judgment is denied.
Barry R. Schaller, Judge.