[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the Court on defendant's motion for summary judgment on the third and fourth counts of plaintiff's complaint, which allege violation of CUIPA and CUTPA, respectively. CT Page 3963
In his four-count complaint, the plaintiff alleges that the defendant insurer is a corporation which conducts business in the State of Connecticut and was the plaintiff's insurer when the entire contents of his automobile were stolen in Chicago, Illinois, while he was en route from Nebraska to his new home in Connecticut. Defendant refuses to pay the plaintiff's timely claim, but continues to request that plaintiff return to Nebraska to undergo an examination under oath.
The defendant claims that Nebraska law controls as to the interpretation of the insurance contract and that the Connecticut statutory claims do not apply. On this basis, the motion for summary judgment should enter as a matter of law, the defendant concludes. The defendant has attached an affidavit of a claims representation for State Farm Fire and Casualty to its motion.
The plaintiff asserts that the choice of law issue regarding the interpretation of the insurance contract is irrelevant to a cause of action alleging violations of CUIPA and CUTPA.
A motion for summary judgment may be made after the pleadings are closed between the parties to that motion. Practice Book Section 379. A motion for summary judgment will be granted if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Practice Book Section 382; Plouffe v. New York, New Haven H. R.R. Co., 160 Conn. 482,280 A.2d 359 (1971).
Although the pleadings were not closed at the time the defendant filed its motion for summary judgment because the plaintiff had yet to file its reply to the defendant's special defenses, nonetheless the pleadings were subsequently closed, ensuring that all pleadings will be considered in the determination of the defendant's motion for summary judgment. Therefore, this technical failure does not defeat the defendant's motion for summary judgment. See Brookfield v. Candlewood Estates, 201 Conn. 1, 513 A.2d 1218 (1986).
The gist of the defendant's argument is that, as a matter of law, the plaintiff's CUIPA and CUTPA claims cannot stand because Nebraska law governs the interpretation of the insurance contract. "[I]n an action on the policy, the insurer's duty to comply with the policy provisions arises from a private insurance agreement and is contractual in nature. In a CUIPA/CUTPA claim, however, the insurer's duty stems not from the private insurance agreement but from a duty imposed by statute." CT Page 3964 Lees v. Middlesex Insurance Co., 219 Conn. 644 (653), A.2d (1990).
Plaintiff's CUIPA and CUTPA claims arise, not from the insurance contract, but rather from the alleged violation by the defendant-insurer of a duty imposed upon it by the Connecticut legislature.
Having failed to establish that no genuine issues of material facts exist, the motion for summary judgment is denied.
MIHALAKOS, JUDGE