[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ONDEFENDANT'S MOTION FOR SUMMARY JUDGMENT
This is an action for breach of contract, negligent and intentional infliction of emotional distress, fraud and misrepresentation, and unfair trade practices brought by the plaintiffs who purchased burial plots in the defendant's cemetery. The claims involve what appears to have been a relatively high water table in the ground upon which the cemetery was constructed, and the failure of the defendant to correct this and other problems relating to the maintenance of the premises.
The defendant has filed a Motion for Summary Judgment, CT Page 5275 asserting that it is entitled to judgment as a matter of law on its special defense asserting the statute of limitations. In its brief, the defendant refers to documents in which the plaintiffs admit that they learned of the problems of muddy, watery ground and poor maintenance as early as 1983 and 1984. Attached to the defendant's motion are the following: 1) the installment sales contract signed by the plaintiff Loreda Cryoskie, 2) the installment sales contract signed by the plaintiffs Ronald Cryoskie and Wendell Gosselin, 3) the installment sales contract signed by the plaintiff Rita Palmiero, 4) unsigned and unsworn answers to certain disclosure directed to Wendell Gosselin, 5) unsigned and unsworn answers to certain disclosure directed to Loreda Cryoskie, and 6) the revised complaint of the plaintiffs dated February 13, 1991. The defendant also submitted photographs, a map, and a videotape of the area.
While certain of the interrogatory answers attached to the defendant's papers in support of summary judgment seem to point to the fact that two of the plaintiffs were aware of the problems as early as 1983 and 1984, giving rise to a potentially successful challenge to a number of counts in the complaint on statute of limitations grounds, the documentation is simply not sufficient.
Conn. Prac. Book § 380 states that a motion for summary judgment shall be supported by such documents as may be appropriate, including affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. Conn. Prac. Book § 381 reiterates the importance of attaching sworn or certified copies of all papers.
Consideration of a motion for summary judgment is not a time to make the court guess at what may or may not be true. It is not a time for the court to wonder whether a document supporting summary judgment contains competent, admissible evidence. These are issues which must be clear, so that the court can move to the presumably more difficult analysis of whether these documents disclose the existence of any genuine issue of material fact.
The unsigned, unsworn supporting papers submitted by the defendant do not afford the court a sufficient basis to consider the defendant's claims. See Plouffe v. New York, New Haven Hartford Railway Co., 160 Conn. 482, 488 (1971).
Accordingly, at this stage, summary judgment is denied. CT Page 5276
PATTY JENKINS PITTMAN, JUDGE