[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #108 MOTION FOR SUMMARY JUDGMENT
This matter concerns an automobile accident that occurred on November 30, 1998. The plaintiff alleges that he was operating a vehicle owned by the defendant, City of West Haven. The plaintiff further alleges that at approximately 10:00 a.m., while at a compost site near the intersection of Kimberly Avenue and Elm Street in the City of West Haven, a vehicle being driven by the defendant Thomas Doran struck the vehicle that the plaintiff was driving. The City of West Haven is also the owner of the vehicle that was being operated by the defendant Doran.
On December 28, 2000, the plaintiff filed a Notice of Filing Request For Admissions.
On January 22, 2001, the plaintiff filed a Motion for Summary Judgment as to Liability.
Section 17-45 of the Connecticut Practice Book concerns the proceedings for motions for summary judgment. It provides that:
 A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions CT Page 13817 and the like. The motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion and the supporting materials, unless the judicial authority otherwise directs. The adverse party [prior to the day the case is set down for short calendar] shall at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence. Affidavits, and other documentary proof not already a part of the file, shall be filed and served as are pleadings.
Attached to the plaintiff's Motion for Summary Judgment was a Memorandum of Law and the plaintiff's Request for Admissions as well as the defendants' responses to said Request for Admissions. In pertinent part the defendants' answers to the Request for Admissions admits the following.
 1) That the plaintiff was operating a street sweeper owned by the defendant City of West haven at the West Haven compost city (Request #1).
 2) That the defendant Thomas Doran is an employee of the City of West Haven (Request #2).
 3) That the defendant Thomas Doran was operating a vehicle owned by the defendant City of West haven on November 30, 1988 (Request #4).
 4) That the vehicle being operated by defendant Doran struck the street sweeper being operated by the plaintiff (Request #5).
 5) That the collision "was caused by the negligence of Thomas Doran" (Request 8).
Prior to hearing argument on the Motion for Summary Judgement the Court examined the file and ascertained that the defendants have not, as of this date filed an Answer or any Special Defenses with the Court. Although no Answers were been filed with the Court, during oral argument counsel for the plaintiff indicated that the defendants had sent him Answers to the Complaint and that said Answers did not contain any Special Defenses.
Before addressing the merits of plaintiff's motion, a brief review of the standards for the granting of a Motion for Summary Judgment is necessary: CT Page 13818
 "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Orkney v. Hanover Ins. Co., 248 Conn. 195, 201, 727 A.2d 700
(1999).
 QSP, Inc. v. The Aetna Casualty Surety Co., 256 Conn. 343, 351 (2001).
 A "material fact" is a fact that will make a difference in the result of the case. See Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). The facts at issue are those alleged in the pleadings. See Plouffe v. New York, N.H. H.R. Co., 160 Conn. 482, 489, 280 A.2d 359
(1971). The party seeking summary judgment "has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980).
Norse Systems, Inc. v. Tingley Systems, Inc., 49 Conn. App. 582, 590
(1998).
In the instant action the defendants have not as of this date filed an Answer or Special Defenses to the plaintiff's complaint. Since the pleadings are not closed, the Court has no idea of what the Answer to the allegations made by the plaintiff will be or whether or not the defendants will file any Special Defense. There are genuine issues of material fact that must be resolved before a Motion for Summary Judgment is ripe, the Motion for Summary Judgment is therefore denied.
Richard A. Robinson, J. October 9, 2001