[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #164 MOTION FOR SUMMARY JUDGMENT
The defendant Alison Cunningham, d/b/a Golden Threads Booksellers is the lessee of the premises known as 915 State Street, New Haven, Connecticut. The defendant Hill Health Corporation, d/b/a, Women's Health Services, is the lessee of the premises known as 911, State Street, New Haven, Connecticut. The defendant Andrew Consiglio is the owner of the aforementioned premises. The defendant Martus is the snow removal contractor for the subject premises.
The plaintiff alleges that on or about December 28, 1995, she was walking on the sidewalk adjacent to the defendant, Golden Thread's premises when she was caused to fall to the ground due to the dangerous and defective condition in existence on said premises.
Section 17-45 of the Connecticut Practice Book concerns the proceedings for motions for summary judgment. It provides that:
 A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. The motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion and the supporting materials, unless the judicial authority otherwise CT Page 16016 directs. The adverse party [prior to the day the case is set down for short calendar] shall at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence. Affidavits, and other documentary proof not already a part of the file, shall be filed and served as are pleadings.
On July 10, 2001, the defendant, Martus Snow Removal Services filed a Motion for Summary Judgment as to the Seventh and Eighth Counts of the plaintiff's amended complaint dated, December 18, 1997 and as to the co-defendant, Andrew Consiglio's amended three count apportionment complaint, dated February 23, 1998.
Before addressing the merits of the defendant's motion, a brief review of the standards for the granting of a Motion for Summary Judgment is necessary:
 "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Orkney v. Hanover Ins. Co., 248 Conn. 195, 201, 727 A.2d 700
(1999).
 QSP, Inc. v. The Aetna Casualty Surety Co., 256 Conn. 343, 351 (2001).
 A "material fact" is a fact that will make a difference in the result of the case. See Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). The facts at issue are those alleged in the pleadings. See Plouffe v. New York, N.H H.R. Co., 160 Conn. 482, 489, 280 A.2d 359 (1971). The party seeking summary judgment "has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980).
 Norse Systems, Inc. v. Tingley Systems, Inc., 49 Conn. App. 582, 590
(1998). CT Page 16017
In addition to its Memorandum of Law, the defendant Martus provided the Court with a transcript of the deposition testimony of the co-defendant, Andrew Consiglio (Exhibit "E"); climatological data (Exhibit "D"); as well as a copy of the contract for snow removal (Exhibit "C").
The contract for snow removal provides in pertinent part that:
 . . . We plowed the parking areas when the depth was two inches or more of snow, sanded on a will call basis, and shoveled/treated the sidewalks after every winter event.
 This year, if you wish to continue the service, there will be no increase in price . . .
The contract indicates that it was executed on November 13, 1995.
The subject accident occurred on or about December 28, 1995. The defendant Martus asserts that the last winter precipitation before the accident occurred on December 21, 1995 (Exhibit "D", climatological data). The defendant further asserts that since the contract provides that it is to only conduct snow removal when the depth of a snowfall is two inches or more, there had not been a snowfall which required the its intervention immediately before the accident it cannot be held liable in this matter. The defendant also asserts that it was "not required to return to the subject premises to protect against a melting and re-freezing scenario" (citing Mr. Consiglio's deposition testimony, Exhibit "E" at page 34).
Although the defendant Martus asserts that it cannot be held legally liable for the plaintiff's damages for reason that the last snowfall subject to the provisions of the contract was one week before the accident, there are genuine issues of material fact as to how the defendant handled said snowfall and as to whether such handling was a proximate cause the accident. This issue goes beyond the melting and re-freezing issue that was addressed by the defendant, Martus.
In light of the fact that genuine issues of material fact remain the defendant's Motion for Summary Judgement must be denied.
Richard A. Robinson, J December 4, 2001 CT Page 16018