[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION # 107 MOTION FOR SUMMARY JUDGMENT
CT Page 4272
Plaintiff alleges in its complaint that it is an insurance company duly authorized to do business in the state of Connecticut. It further alleges that it issued an insurance policy to an individual named Dudley Phillips and that said policy contained a right of subrogation. Plaintiff further alleges that it is the equitable subrogee of the its insured, Dudley Phillips and as such has a right to recover from the Defendant all sums paid to or on behalf of its insured as a result of the acts or omissions of said Defendant as alleged in the complaint.
The complaint provides in pertinent part that:
 6) The insured was the owner of approximately twelve separate pieced of office furniture that were entrusted to DORAN BROTHERS, INC. on or about June 5, 1987 for storage in Stamford, Connecticut
 7) DORAN BROTHERS, INC. sold their business to GARDELLA MOVING STORAGE, D.B.A. GARDELLA UNIVERSAL RELOCATION.
 8) GARDELLA MOVING STORAGE, D.B.A., GARDELLA UNIVERSAL RELOCATION acquired the storage contracts of its predecessor, DORAN BROTHERS, INC.
 9. The Defendant MURPHY MOVING STORAGE INC., subsequently acquired the storage contracts from its predessor, GARDELLA MOVING STORAGE, D.B.A. GARDELLA UNIVERSAL RELOCATION, when GARDELLA MOVING STORAGE, D.B.A. GARDELLA UNIVERSAL RELOCATION was taken over by the I.R.S. as of 12/31/97.
 10. On or about February 5, 1998, Dudley Phillips learned that MURPHY MOVING STORAGE INC. lost the insured's furniture.
On August 21, 2001, the defendant filed a motion for summary judgment. The stated reason for said motion was that "Murphy Moving and Storage neither received an assignment of the Phillips' storage, not lost it."
On December 27, 2001, the plaintiff filed an objection to the defendant's motion for summary judgment.
Section 17-45 of the Connecticut Practice Book concerns the proceedings for motions for summary judgment. It provides that: CT Page 4273
 A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. The motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion and the supporting materials, unless the judicial authority otherwise directs. The adverse party [prior to the day the case is set down for short calendar] shall at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence. Affidavits, and other documentary proof not already a part of the file, shall be filed and served as are pleadings.
The defendant has filed a motion for summary judgment. Attached to said motion is a memorandum of law and an affidavit. The affiant is an individual named Kathleen Murphy and she is identified as the "President of Murphy Moving Storage".
The Affidavit of Kathleen Murphy provides in pertinent part that:
 4) Murphy Moving Storage did not acquire the storage or storage contract of Dudley Phillips as alleged in paragraph 9 of the complaint.
 5) Murphy Moving Storage did not lose Dudley Phillips' furniture as alleged in paragraph 10 of the complaint.
As previously stated, the plaintiff has filed an objection to the motion for summary judgement. Attached to said motion is a memorandum of law and an affidavit. The affiant is an individual named Dudley C. Phillips.
The affidavit of Mr. Phillips provides in pertinent part that:
 4) In late 1997 or early 1998 I spoke with a Dennis Knapp who, In March of 1998, was the manager of Murphy Moving Storage.
5) Mr. Dennis Knapp, Manager of Murphy Moving 
Storage, told me that he previously had been the manager for Gardella Moving Storage, d/b/a Gardella Universal Relocation. CT Page 4274
 6) Mr. Dennis Knapp, Manager of Murphy Moving 
Storage, told me that Doran Brothers was taken over by Universal Relocation, which was taken over by Gardella Relocation, which was taken over by the IRS and then acquired by Murphy Moving Storage.
 7) Mr. Dennis Knapp, manager of Murphy Moving 
Storage, also told me that each successor set forth in paragraph 6, above, acquired the storage contracts of its predecessor.
Before addressing the merits of defendant's motion and the plaintiff's objection to the motion for summary judgment, a brief review of the standards for the granting of a Motion for Summary Judgment is necessary:
 "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Orkney v. Hanover Ins. Co., 248 Conn. 195, 201, 727 A.2d 700
(1999).
 QSP, Inc. v. The Aetna Casualty Surety Co., 256 Conn. 343, 351 (2001).
 A "material fact" is a fact that will make a difference in the result of the case. See Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). The facts at issue are those alleged in the pleadings. See Plouffe v. New York, N.H. H.R. Co., 160 Conn. 482, 489, 280 A.2d 359
(1971). The party seeking summary judgment "has the burden of showing the absence of any genuine issue as to all material facts, which, sunder applicable principles of substantive law, entitle him to a judgment as a matter of law." D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980).
Norse Systems, Inc. v. Tingley Systems, Inc., 49 Conn. App. 582, 590
(1998). CT Page 4275
In the instant action, both the moving party and the non-moving party submitted affidavits in support of their respective positions. These affidavits present conflicting evidence as the facts of this case. Although the moving party asserts that there are no genuine issues of material fact in existence, after completing its review of the motions and supporting material, and viewing the evidence in a light most favorable to the nonmoving party, this court comes to the conclusion that there are genuine issues of material fact in existence. The motion for summary judgment is therefore denied.
_________________________ Richard A. Robinson, J April 1, 2002