[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #118 MOTION FOR SUMMARY JUDGMENT
The plaintiff is the administrix of the estate of Phillip Heffern, deceased. The plaintiff alleges in the First Count of its complaint that on or about January 1, 1997, its decedent overdosed on heroin which led to cardiac arrest and his subsequent death. The plaintiff further alleges that immediately prior to his death, the plaintiff's decedent was accompanied by the defendant on a trip to purchase heroin. After purchasing the heroin, the decedent administered some of the drug to himself while in the presence of the defendant, who also had given herself some of the drug. Sometime during the early morning of January 1, 1997, the plaintiff's decedent overdosed on the aforementioned heroin. Although the defendant stayed overnight with the decedent and allegedly knew of his "compromised physical condition", she failed to notify anyone for an extended period of time.
Section 17-45 of the Connecticut Practice Book concerns the proceedings for motions for summary judgment. It provides that:
 A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. The motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion and the supporting CT Page 5733 materials, unless the judicial authority otherwise directs. The adverse party [prior to the day the case is set down for short calendar] shall at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence. Affidavits, and other documentary proof not already a part of the file, shall be filed and served as are pleadings.
Before addressing the merits of plaintiff's motion, a brief review of the standards for the granting of a Motion for Summary Judgment is necessary:
 "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Orkney v. Hanover Ins. Co., 248 Conn. 195, 201, 727 A.2d 700
(1999).
 QSP, Inc. v. The Aetna Casualty Surety Co., 256 Conn. 343, 351 (2001).
 A "material fact" is a fact that will make a difference in the result of the case. See Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). The facts at issue are those alleged in the pleadings. See Plouffe v. New York, N.H. H.R. Co., 160 Conn. 482, 489, 280 A.2d 359
(1971). The party seeking summary judgment "has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980).
 Norse Systems, Inc. v. Tingley Systems, Inc., 49 Conn. App. 582, 590
(1998).
In the instant action, the plaintiff has filed an objection to the defendant's Motion for Summary Judgment. The plaintiff asserts that there are questions of material fact as to whether the defendant's actions gave rise to a duty to rescue and furthermore, material facts exists as to CT Page 5734 whether the defendant's actions were the proximate cause of the death of the plaintiff's decedent.
In support of its objection to the Motion for Summary Judgment, the plaintiff has filed, along with said motion, a copy of an affidavit in support of an Application for Arrest Warrant. The plaintiff also provided the Court with a copy of voluntary statement that was given to Wallingford Police Department by Veneranda Ida Heffern, on April 7, 1997. The statement was a sworn statement that was made pursuant to the provisions of § 53a-177 of the Connecticut General Statutes.[1]
The aforementioned statement provides in pertinent part that:
 . . . We found Phillip on the bed, face up. His body felt cold and I immediately dialed 911. While we were waiting the paramedics arrival Leah kept telling us that it was her fault; that she had wanted to call us or knock on the door for help during the night . . . When they were taking Phillip to the hospital Leah picked up a spoon from on top of Phil's bureau and she brought it to me where I was standing in the hallway. She extended her arm with the spoon in it to me, showing it to me. It had a white material in the middle of the spoon. Leah said "I fixed this Heroin for him so he'd only get so much" . . . (emphasis added)
In addition to the sworn statement, the plaintiff testified at a June 15, 2001 deposition as follows:
 Q. Any other statements that Leah Perry made that lead you to believe that things would have been different for Philip?
 A. She indicated that she knew he was in distress and did not ask for help. (Exhibit 1, in support of Memorandum in Support of Plaintiff's Objection to Motion for Summary Judgment.)
The defendant further asserts that this Court should follow the reasoning of a series of Connecticut cases involving one person providing alcohol to another who subsequently causes injury to his or herself or another. The plaintiff reasons that "alcohol is an appropriate analogy because it is similar in that it is a dangerous, additive substance". The Court agrees with the defendant that there are some similarities between alcohol and heroin, however there are also some very important CT Page 5735 differences. Heroin is an extremely powerful narcotic; the purchase or possession of which is an illegal act in this state. Furthermore, the use of such a powerful drug is inherently dangerous. In the current situation, there is no dispute that the defendant went with the plaintiff's decedent to purchase heroin. The defendant has not disputed that it was her money that was used to make the heroin purchases. The defendant also has not disputed the evidence provided by the plaintiff concerning the fact that the defendant prepared the dosage for the decedent. Furthermore, the defendant does not dispute the fact that she became aware that the plaintiff's decedent had become unconscious and unresponsive on the morning of January 1, 1997, after taking heroin, but she did not attempt to aid him or to obtain assistance of any type.
 It is true that "the law has persistently refused to impose on a stranger the moral obligation of common humanity to go to the aid of another human being who is in danger." Prosser and Keeton on the Law of Torts
375 (5th ed. 1984). As every law student learns, an excellent swimmer can stand on a dock with impunity while a drowning man cries out for rescue a few feet away. The law also recognizes, however, that "if the defendant's own negligence has been responsible for the plaintiff's situation, a relation has arisen which imposes a duty to make a reasonable effort to give assistance, and avoid any further harm." Id. at 377. Thus, to return to the case of the drowning man, if the person standing on the dock has negligently created the situation in question — say, by suggesting that the man swim in a location known for its dangerous riptides — our friend on the dock can no longer be considered a stranger to the situation. Instead, he now has a duty to make a reasonable effort to give assistance.
 Heffern v. Perry, No. 420713 (Oct. 11, 2000)2000 Ct. Sup. 12501 (Blue, J).
The Second Count of the Complaint provides in pertinent part that:
 11. The defendant acted carelessly and negligently and in contrast to a reasonable individual by supplying heroin to the decedent.
 12. As a proximate result of the defendant supplying heroin to the decedent, the decedent overdosed on the CT Page 5736 heroin, suffered cardiac arrest and died.
The defendant asserts that there are no Connecticut cases on point concerning whether or not there is a cause of action against a person who furnishes heroin to another person who subsequently injures himself. The defendant further asserts that she did not owe a duty to the plaintiff's decedent because she did not inject him with the drug. There is no evidence in the file, by affidavit or otherwise that the defendant actually administered the drug to the plaintiff's decedent. There also has been no evidence presented that the heroin got into the plaintiff's decedent in an involuntary manner.
The plaintiff asserts that the proximate cause of the death of the decedent was the defendant supplying heroin to him. A thorough review of the files indicates otherwise. The proximate cause of the decedent's death was not the supplying of the heroin, but the injection heroin. It is undisputed that it was the plaintiff's decedent, not the defendant who administered the injection to the plaintiff's decedent.
 The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury."
 RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 384 (1994).
Whereas, the supplying of the heroin, in and of itself was not the proximate cause of the death of the plaintiff's decedent the Court finds that this Count must fail.
In conclusion, summary judgment is denied as to the First Count and isgranted as to the Second Count.
Richard A. Robinson, J May 1, 2002