[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #115 MOTION FOR SUMMARY JUDGMENT
The plaintiffs allege in their complaint that the defendants, Rustem Gjonbalaj, Paha Gjonbalaj and Kumrija Gjonbalaj, the buyers; and Eric Blauvelt and Leanne Blauvelt, the sellers entered into an agreement for the purchase of a parcel of land and the improvements thereon. Pursuant to the terms of the agreement the buyers deposited the sum of eighteen thousand two hundred and fifty dollars ($18,250.00) with the defendant DeWolfe Company, Inc., to insure the completion of the agreement. Upon completion of the transfer of title the aforementioned money was to be paid over to the seller to be applied to the purchase price of the property, however if the defendants failed to perform their covenants, said amount was to be paid to the seller as liquidated damages.
The plaintiff has provided an affidavit asserting that the date for the completion of the agreement has passed and the defendants either failed or refused to complete the sale of the subject property during the requisite time period of specified in the contract or any extensions thereto. No counter affidavits have been filed by any parties hereto.
In a statement of claim dated February 14, 2002, the defendants claim that:
 1. That they have no claim as against the plaintiffs as to the deposit paid pursuant to the contract.
 2. That the defendant DeWolfe owes then $18,250 plus any attorney's fees and cost which may be awarded the plaintiffs against the Gjonbalaj defendants.
On May 10, 2002, the plaintiffs filed a Motion for Summary Judgment.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Orkney v. Hanover Ins. Co., 248 Conn. 195, 201, 727 A.2d 700
CT Page 7651 (1999).
 QSP, Inc. v. The Aetna Casualty Surety Co., 256 Conn. 343, 351 (2001).
Section 17-45 of the Connecticut Practice Book concerns the proceedings for motions for summary judgment. It provides that:
 A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. The motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion and the supporting materials, unless the judicial authority otherwise directs. The adverse party [prior to the day the case is set down for short calendar] shall at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence. Affidavits, and other documentary proof not already a part of the file, shall be filed and served as are pleadings.
This Court has reviewed the file in this matter and has determined that no objections to the motion for summary judgment have been filed as of this date.
After completing its review of the motion, objection, complaint, affidavit and the statement of claims, this Court has come to the conclusion that no genuine issue of material fact remains in existence as to the issue of which of the parties is entitled to the funds being held by the DeWolfe Company.
A "material fact" is a fact that will make a difference in the result of the case. See Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). The facts at issue are those alleged in the pleadings. See Plouffe v. New York, N.H. HR. Co., 160 Conn. 482, 489, 280 A.2d 359
(1971). The party seeking summary judgment "has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980). CT Page 7652
 Norse Systems, Inc. v. Tingley Systems, Inc., 49 Conn. App. 582, 590 (1998).
Whereas there are no genuine issues of material fact, the instant Motion for Summary Judgment is granted.
Richard A. Robinson, J. June 6, 2002