[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION # 105 MOTION FOR SUMMARY JUDGMENT
The instant action was brought by Robert N. Phoenix, Administrator of the Estate of Olga M. Phoenix. The Plaintiff alleges that its decedent was employed by the Defendant at a property known as Sterling Memorial Library and that sometime prior the April 24, 1997, (The last day that the Plaintiff's decedent worked at the aforementioned work site.) various employees of the defendant complained about health threatening conditions, specifically airborne particles from a construction project on the site. Plaintiff alleges that its decedent was an asthmatic and that the Defendant has actual notice of her illness. The Plaintiff further alleges that despite the fact that the Defendant knew that his decedent was an asthmatic, it insisted that she work under the aforementioned conditions. The Plaintiff alleges that as a result of his decedent working under the aforementioned condition she suffered catastrophic lung and asthma injuries and illnesses that resulted in her death.
On November 13, 2001, the Defendant filed a Motion for Summary Judgment for the following reasons:
1) It is barred by the exclusivity of the Connecticut Workers Compensation Act, C.G.S. § 31-284; and
2) Even if exclusivity were not a barrier to these claims, there is no evidence that the decedent's death resulted from her employment at the University.
It is well-settled law in this state that an employee who is injured at work has limited remedies available.
When an employee suffers a work-related injury, workers compensation benefits are the exclusive remedy as between the employee and the employer. See General CT Page 12607 Statutes § 31-284 (a).
Schroeder v. Triangulum Associates, 259 Conn. 325, 337
(2002).
It is undisputed in the case at bar that there was an employer-employee relationship between the Plaintiff's decedent and the Defendant. The Plaintiff however asserts that his remedies are not limited by the Worker's Compensation act for reason that the injuries sustained by his decedent were caused by her employer creating a dangerous condition wherein said injuries were substantially certain to occur, i.e., the "substantial certainty test."
 In Suarez, this court concluded that a plaintiff employee could establish an intentional tort claim and overcome the exclusivity bar of the Workers Compensation Act (act); General Statutes § 31-275
et seq.;fn1 by proving either that the employer actually intended to injure the plaintiff (actual intent standard) or that the employer intentionally created a dangerous condition that made the plaintiffs injuries substantially certain to occur (substantial certainty standard). We reasoned: "The substantial certainty test differs from the true intentional tort test but still preserves the statutory scheme and the overall purposes of the act. The problem with the intentional tort test, i.e., whether the employer intended the specific injury, appears to be that it allows employers to injure and even kill employees and suffer only workers' compensation damages so long as the employer did not specifically intend to hurt the worker. . . . Prohibiting a civil action in such a case would allow a corporation to `cost-out' an investment decision to kill workers. . . . The substantial certainty test provides for the intent to injure exception to be strictly construed and still allows for a plaintiff to maintain a cause of action against an employer where the evidence is sufficient to support an inference that the employer deliberately instructed an employee to injure himself."
 Suarez v. Dickmont Plastics Corporation, 242 Conn. 255,257 (1997).
The Defendant in the instant action is moving that this Court enter CT Page 12608 summary judgment against the plaintiff, therefore a discussion of what is required to retain the requested relief would prove beneficial.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Orkney v. Hanover Ins. Co., 248 Conn. 195, 201, 727 A.2d 700
(1999).
QSP, Inc. v. The Aetna Casualty Surety Co.,256 Conn. 343, 351 (2001).
Section 17-45 of the Connecticut Practice Book concerns the proceedings for motions for summary judgment. It provides that:
 A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. The motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion and the supporting materials, unless the judicial authority otherwise directs. The adverse party [prior to the day the case is set down for short calendar] shall at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence. Affidavits, and other documentary proof not already a part of the file, shall be filed and served as are pleadings.
See the Official 2002 Connecticut Practice Book §17-45.
A "material fact" is a fact that will make a difference in the result of the case. See Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). The facts at issue are those alleged in the pleadings. See Plouffe v. New York, NH HR. Co., 160 Conn. 482, 489, 280 A.2d 359
CT Page 12609 (1971). The party seeking summary judgment "has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980).
Norse Systems, Inc. v. Tingley Systems, Inc.,49 Conn. App. 582, 590 (1998).
Both parties have provided affidavits and other supporting documentation in support of their respective positions. Upon completing its review of said material, the Court is of the position that both sides have presented credible evidence supporting their positions as to the conditions of the subject workplace for the period of time in question. The competing documents show that there are genuine issues of material fact in existence concerning the "substantial certainty test." Whereas the moving party on a Motion for Summary Judgment has the burden of proving that there are no genuine issues of material fact and this burden has not been met, the motion is denied as to the issue concerning the exclusivity of the Worker's Compensation Act.
The second issue raised by the Defendant is that there is no evidence in the case at bar that the environment at the subject work site caused the decedent's death. The Defendant further asserts that the Plaintiff will not be able to present such evidence for reason that the Plaintiff has disclosed its medical expert and said disclosure does not provide a sufficient causal link between the work conditions and the death of the decedent.
The gist of the Defendant's argument is that the only way that the cause of the decedent's injuries can be admitted at trial is through competent evidence. The Defendant further asserts that said competent evidence would have to come in the form of expert witness testimony.
The Defendant concedes that "[e]xhibits submitted by plaintiff in opposition to summary judgment do include a few reports from doctors, connecting Ms. Phoenix's symptoms to her work area . . ." (See Defendant's Reply Memorandum in Support of Motion for Summary Judgment dated June 13, 1994, at page 4.) However, it asserts that this connection is not enough for reason that "none of [the] exhibits provides a competent medical opinion that Ms. Phoenix's death was proximately caused by Yale University' Conduct." (Id at 4, 5).
On June 21, 2002, the Plaintiff filed a Disclosure of Experts, CT Page 12610 disclosing Alan Chanales, M.D. Said Disclosure provides in pertinent part that:
 The subject matter upon which the aforesaid expert is expected to testify with reasonable medical probability is that the dust-laden atmosphere created by the renovations in Sterling Memorial Library from early 1996 through April 29, 1997, was a substantial factor in the exacerbation of the Plaintiff's Decedent, Olga Phoenix's asthmatic condition which ultimately led to her death.
 The substance of the facts and opinion of Dr. Canales are that the Plaintiff's Decedent, Olga Phoenix was suffering from asthma for a substantial period of time before the renovations commenced in Sterling Memorial Library, which renovations increased the dust and other foreign substances in the atmosphere of the area where Plaintiff's Decedent, Olga Phoenix, was working and which heavily ladened atmosphere exacerbated her asthmatic condition as hereinbefore set forth.
The cited disclosures appear to address the issues raised by the defendant concerning expert witness testimony as to the proximate cause of the decedent's death. The Court notes that other than this Motion for Summary Judgment, no action has been taken to address any alleged deficiencies in the Disclosure of Expert Witnesses.
For the foregoing reasons, the Plaintiff's Motion for Summary Judgment is denied. So ordered.
Richard A. Robinson, J October 1, 2002 CT Page 12611