[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #105 MOTION FOR SUMMARY JUDGMENT
The plaintiffs allege in their complaint that they are the owners of real property located at 20 Long Hill Farm Road in Guilford, Connecticut. The defendant, the Estate of Marjorie Williams, acting through its co-executors, formerly owned said real estate.
The plaintiffs allege that on or about August 11, 1997 they entered into an agreement to purchase the aforementioned real property. They further allege that the defendant had given them information, representations and assurances that there was nothing wrong with the property and that in reliance on said representations they purchased it.
The plaintiffs further allege that after they purchased the property they discovered extensive concealed and unconcealed structural damage that had not been disclosed prior to the purchase.
The First, Second and Third Counts of the complaint are directed against the Estate.
The First Count provides in pertinent part that:
 11. The sales price that was arrived at was based upon misrepresentations as to the true condition.
 12. The Defendant Estate intentionally misrepresented the true condition of said property to the Plaintiff's to induce them to purchase the same for a price grossly in excess of its true value given its actual condition.
13. The Defendant Estate made representations that were false and untrue and knew them to be false and untrue and such material misrepresentations were CT Page 12644 intentionally made by said Defendant and the Plaintiffs were damaged.
The Second Count provides in pertinent part that:
 12. The Defendant Estate, who had special means of knowledge, recklessly failed to investigate and disclose facts and recklessly misrepresented and concealed from Plaintiffs, material facts as to the true condition of said real property to induce them to purchase said property in excess of its true value.
 13. The Defendant Estate's representations were false and untrue and it knew or should have known them to be false and such material misrepresentations were recklessly made by said Defendant and the Plaintiffs reasonably relied upon such facts and were damaged.
The Third Count provides in pertinent part that:
 12. The Defendant Estate innocently misrepresented material facts as to the true condition of said real property.
 13. Relying on these representations to their detriment, the Plaintiffs purchased said real property for a price grossly in excess of its value given its actual condition.
 14. The Defendant Estate's representations were false and untrue and such material misrepresentations were innocently made by said Defendant resulting in damages to the Plaintiffs.
On January 16, 2001, the defendant, Estate of Marjorie M. Williams filed a Motion for Summary Judgment.
Section 17-45 of the Connecticut Practice Book concerns the proceedings for motions for summary judgment: It provides that:
A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. The motion shall be placed on the short CT Page 12645 calendar to be held not less than fifteen days following the filing of the motion and the supporting materials, unless the judicial authority otherwise directs. The adverse party [prior to the day the case is set down for short calendar] shall at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence. Affidavits, and other documentary proof not already a part of the file, shall be filed and served as are pleadings.
Before addressing the merits of plaintiff's motion, a brief review of the standards for the granting of a Motion for Summary Judgment is necessary:
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Orkney v. Hanover Ins. Co., 248 Conn. 195, 201, 727 A.2d 700
(1999).
QSP, Inc. v. The Aetna Casualty Surety Co., 256 Conn. 343, 351
(2001).
A "material fact" is a fact that will make a difference in the result of the case. See Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). The facts at issue are those alleged in the pleadings. See Plouffe v. New York N.H. HR. Co., 160 Conn. 482, 489, 280 A.2d 359
(1971). The party seeking summary judgment "has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980).
Norse Systems, Inc. v. Tingley Systems, Inc., 49 Conn. App. 582, 590
(1998). CT Page 12646
In support of their Motion for Summary Judgment, the defendant submitted affidavits in support of said motion.
The affidavit of John W. Hicks provides in pertinent part that:
 1. I am one of the co-executors of the Estate of Marjorie M. Williams, a defendant in the action captioned above . . .
 5. On or about July 9, 1997, I signed a brokerage agreement with Beazly Realtors . . .
 6. On or about July 1, 1997, I signed a residential data input form for the Middlesex Shoreline Multiple Listing Service, Inc, The form states on page 2 that "The undersigned owner agrees that the above information on pages 1 and 2 is true and correct to the best of their knowledge and authorizes said Realtor to submit this listing to Mid-Shore MLS, Inc. . . .
 8. On or about August 15, 1997, I along with my co-executor, signed an Agreement on behalf of the Estate of Marjorie M. Williams to sell the 20 Long Hill Farm Road Property to Carolyn J. and Andrew v. Gambardella, the plaintiffs in this action.
 9. The Agreement provides in Section B that "BUYER represents that BUYER has examined the real property and is satisfied with the physical condition thereof subject to the provisions of Section #7, and neither SELLER nor any representative of SELLER has made any representation or promise other than those expressly stated herein which BUYER has relied in making this Agreement BUYER shall have a right to make a final inspection of the real property during a 48-hour period prior to closing." Section #7 appears on the first page of this Agreement, and provides for a 5-day inspection period after contract signing, with a 5-day notification period after the inspection period . . .
 10. Buyers did not notify me of any problems subsequent to the inspection period.
12. At no time did I ever meet either of the CT Page 12647 Gambardellas.
 13. At no time did I ever speak to either of the Gambardellas, on any subject.
 16. I never authorized, directed or permitted Beazley to make any representations to the Gambardellas concerning termite damage, the availability of duct work for air conditioning, or the efficiency of the property in terms of electric usage or heating costs.
In addition to the affidavit of John W. Hicks, the defendant also submitted the affidavit of James C. Gibbons. This affidavit provides that Mr. Gibbons is also a co-executor of the Estate of Marjorie M. Williams. Other then the name and signature of the affiant, this affidavit provides the same information as the Hicks affidavit.
The plaintiffs did not file an objection to the motion for Motion for Summary Judgment, nor did they did they file any counter affidavits or submit any evidentiary facts or evidence from outside the pleadings from which the material facts alleged in the pleadings can be inferred.
Although the Complaint in this matter alleges that the Estate of Marjorie Williams made representations to the plaintiffs concerning the condition of the subject real property, and that the plaintiffs detrimentally relied on said representations, the affidavits submitted by the co-executors, in support of the Motion for Summary Judgment provide credible and convincing evidence that they never had any communications with the plaintiffs and therefore could not have made any representations to them. As was previously stated herein, the plaintiffs have not provided any counter affidavits, evidentiary facts or evidence to rebut the evidence submitted by the defendant. Whereas there are no issues of genuine material fact as to this issue the defendant is entitled to summary judgment as a matter of law on the First and Third Counts.
As to the Second Count, the plaintiffs assert that the defendant failed to investigate and disclose facts concerning the condition of the subject real property. The defendant asserts that "caveat emptor remains good law in Connecticut" and that there is no affirmative duty to verify, investigate and disclose any facts under the current circumstances. This Court could not find anything in the Listing Agreement, Contract of Sale or other evidence submitted by the defendant that supports the creation of such a duty on the defendant.
CT Page 12648
The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury."
RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 384 (1994).
There are no material issues of genuine material fact as to the Second Count and the defendant is entitled to summary judgment as a matter of law as to said count.
In conclusion, the defendant has met its burden of proof to show that there are no material issues of genuine fact. The defendant's Motion for Summary Judgment is granted.
Richard A. Robinson, J. October 2, 2002 CT Page 12649