[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION # 110 MOTION FOR SUMMARY JUDGMENT AS TO LIABILITY ONLY
The instant action concerns an underinsured motorist claim. The plaintiff herein alleges in his complaint that he has exhausted the coverage from the negligent tortfeasor and now seeks to recover additional damages from the insurance company of the vehicle in which he was a passenger.
On May 9, 2002, the plaintiff filed a Motion for Summary Judgment as to Liability Only.
 "Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Orkney v. Hanover Ins. Co., 248 Conn. 195, 201, 727 A.2d 700
(1999).
QSP, Inc. v. The Aetna Casualty Surety Co., 256 Conn. 343, 351 (2001).
Section 17-45 of the Connecticut Practice Book concerns the proceedings for motions for summary judgment. It provides that:
A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to CT Page 7605 affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like. The motion shall be placed on the short calendar to be held not less than fifteen days following the filing of the motion and the supporting materials, unless the judicial authority otherwise directs. The adverse party [prior to the day the case is set down for short calendar] shall at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence. Affidavits, and other documentary proof not already a part of the file, shall be filed and served as are pleadings.
This Court has reviewed the file in this matter and has determined that no objections to the motion for summary judgment have been filed as of this date.
In support of its Motion for Summary Judgment, the plaintiff filed an affidavit. Said affidavit provides in pertinent part that:
 3. On February 14, 1999 at or about 9:27 p.m., I was a passenger in a vehicle and was traveling in a westerly direction on Rt. 80 in Guilford, Connecticut.
 4. At said time and place, the tortfeasor, Daniello Longo, was traveling in an easterly direction on said Route 80 in Guilford when she suddenly and without warning crossed over the double yellow line and collided head-on into my vehicle.
5. I was struck without any warning whatsoever.
 6. As a result of the collision, I sustained painful injuries and damages set forth in my Complaint.
In addition to the affidavit the plaintiff also submitted a copy of a police report, however, this document was not used by this Court in making its determination.
Summary judgment is not appropriate in cases involving mixed questions of law and fact, such as negligence actions. Spencer v. Good EarthRestaurant Corp., 164 Conn. 194, 198-99, 319 A.2d 403 (1972).
Gould v. Mellick and Sexton, 66 Conn. App. 542, 556 (2001).
Issues of negligence are ordinarily not susceptible of summary adjudication. (citations omitted) CT Page 7606
Cafarelli v. First National Supermarkets, Inc., 46 Conn. Sup. 179, 183
(1999).
Although the instant action involves an incident concerning an alleged act of negligence, the instant action does not sound in negligence. As was previously stated, the instant action involves an underinsured motorist claim.
The plaintiff filed an affidavit in support of its Motion for Summary Judgment. Said affidavit addresses various facts concerning the underlying accident. No counter affidavits or other documentation have been filed to refute the facts presented in the affidavit. This Court therefore finds that there are no genuine issues of material fact as to negligent tortfeasor's responsibility for causing the underlying accident
 A "material fact" is a fact that will make a difference in the result of the case. See Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). The facts at issue are those alleged in the pleadings. See Plouffe v. New York, N.H. HR. Co., 160 Conn. 482, 489, 280 A.2d 359 (1971). The party seeking summary judgment "has the burden of showing the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980).
 Norse Systems, Inc. v. Tingley Systems, Inc., 49 Conn. App. 582, 590 (1998).
Although there are no genuine issues of material fact, as to the issue of the liability of the tortfeasor in the motor vehicle accident, this conclusion does not completely address the issue of the liability of the defendant in this matter.
Paragraph 14 of the plaintiff's Complaint provides that:
 Under the underinsured/uninsured motorist provisions of the contract of insurance described above, the plaintiff is entitled to recover full damages.
On June 26, 2001, the defendant filed an Answer to the plaintiff's Complaint. In paragraph 1, of said Answer, the defendant admitted paragraph 14 of the plaintiff's Complaint. CT Page 7607
There are no genuine issues of material facts as to the proximate cause of the accident or as to the plaintiff being entitled "to recover full damages" from the defendant; the Motion for Summary Judgment as to liability only is therefore granted.
________________________ Richard A. Robinson, J June 7, 2002